938 P.2d 76 (1996)
189 Ariz. 27
In the Matter of the LIQUIDATION OF: AZSTAR CASUALTY COMPANY, an Arizona corporation.
A.M.E., INC.; Bowers Ambulance Service; Delano Ambulance Service; Paradise Ambulance; Risher, Inc.; Wilson Ambulance Service, Inc., Petitioners, Respondents in Intervention-Appellants,
v.
AZSTAR CASUALTY COMPANY, Respondent-Appellee, and
FICOA, Inc., an Arizona corporation, Petitioner in Intervention-Appellee.
No. 1 CA-CV 95-0123.
Court of Appeals of Arizona, Division 1, Department A.
September 17, 1996.
*77 Paytas, Lutich, Bernstein, Shannon & Fleming by A. Michael Bernstein, Phoenix, and Hanson, Bridgett, Marcus, Vlahos & Rudy by Craig J. Cannizzo, Robert L. Rusky, James A. Napoli, San Francisco, CA, for Appellants.
Guttilla & Murphy by Nicholas C. Guttilla, Alisan M.B. Patten, Phoenix, for Appellees.

OPINION
TOCI, Judge.
In the disposition of an appeal in A.M.E., Inc. v. AZSTAR Casualty Company and FICOA, Inc., 1 CA-CV 95-0123, Memo Dec. (App. May 30, 1996), we granted the request of appellees AZSTAR and FICOA for attorneys' fees and costs incurred in the appeal. In their fee application, appellees ask this court to award as part of attorneys' fees the sum of $2,791.16 for Westlaw charges incurred by one of the attorneys. No Arizona case has specifically discussed Westlaw expenses, although a number of federal courts have approved attorneys' fee requests that included computerized research charges.
Appellees conceded that these charges are not listed in Ariz.Rev.Stat. Ann. ("A.R.S.") section 12-331 (1992) as recoverable, taxable costs. They argue, however, that computerized research charges are similar to expenses for paraprofessional support staff, citing Aries v. Palmer Johnson, Inc., 153 Ariz. 250, 261, 735 P.2d 1373, 1384 (App.1987), and Continental Townhouses East v. Brockbank, 152 Ariz. 537, 543, 733 P.2d 1120, 1126 (App. 1986). In those cases, this court concluded that work performed by paralegals or legal assistants could be recovered as part of an award of attorneys' fees. Aries, 153 Ariz. at 261, 735 P.2d at 1384; Continental, 152 Ariz. at 544, 733 P.2d at 1127. In Continental, the court noted that an attorney would otherwise have provided the services at greater expense, that legal assistants "can decrease litigation expense and improve lawyers' efficiency," and that such services are not
automatically included in lawyers' hourly billing rates as a standard law office operating expense. Instead, such services are often itemized and billed separately. Moreover, lawyers should not be required to inflate their hourly rates to include legal assistant time as a general overhead component. Doing so would make fair allocation of the cost of such services impossible....
Id. at 544-45, 733 P.2d at 1127-28.
We agree. Unlike rent, utilities, or the expense of maintaining a support staff, or even a library, none of which can be easily allocated and all of which tend to be continuous in nature, the charges for computerized research are incurred only when the research is being conducted. Such expenses can be easily and discretely allocated to the specific client matter at hand. Furthermore, computer time is not a minor expense; in this case, for example, the cost for one thirteen-minute session was $71.05. Therefore, it seems to us more fair and more reasonable to characterize this activity as a service rendered by an attorney or surrogate to a specific client rather than an overhead expense to be shared by all clients.
Appellees have cited numerous federal cases. In some, in which both attorneys' fees and costs were recoverable, the courts have *78 allowed recovery of computerized research expenses, apparently as a cost item. Wehr v. Burroughs Corp., 619 F.2d 276, 285 (3rd Cir.1980) (use of computerized research is essential, and charges are a reasonable cost of litigation in age discrimination suit) and United Nuclear Corp. v. Cannon, 564 F.Supp. 581, 592 (D.R.I.1983) (computerized research charges, listed as a cost, are recoverable in civil rights litigation) are two examples.
In a case in which costs but not attorneys' fees were recoverable by the successful party, however, one federal court simply disallowed the item because it did not "fit in any cost category." Fressell v. AT & T Technologies, Inc., 103 F.R.D. 111, 115 (N.D.Ga. 1984). The court nevertheless noted its disagreement with some other federal court rulings that computerized research expenses were similar to those for a typist or were office overhead, but it declined to decide whether such expenses could be part of an attorneys' fee. Id.
By contrast, the Seventh Circuit Court of Appeals has taken the position in two securities cases cited to us that computerized research expenses incurred by the successful party may be recovered from the other side as part of an award of attorneys' fees. In In re Continental Illinois Securities Litigation, 962 F.2d 566, 570 (7th Cir.1992), the court held it was clear error for the trial court to have denied reimbursement for computerized legal research expenses. "Markets know market values better than judges do. And as with paralegals, so with computerized research: if reimbursement at market rates is disallowed, the effect will be to induce lawyers to substitute their own, more expensive time for that of the paralegal or the computer." Id. Similarly, in Harman v. Lyphomed Inc., 945 F.2d 969, 976 (7th Cir.1991), the court held that computer-assisted research reduces the number of attorney hours otherwise spent in more time-consuming manual research and is compensable.
We share the view that by permitting recovery of computerized research expenses as part of an award of attorneys' fees, we remove any incentive for lawyers to substitute less efficient processes for those deemed more efficient and to spend more time performing research manually, particularly for Shepardizing or citechecking, when such tasks can more quickly and accurately be done by computer. Moreover, unlike a paralegal, who is paid whether working or not, these expenses do not arise unless and until needed.
For the above reasons, and provided the computerized research is necessary and the charges reasonable, we conclude that computerized research charges may be recovered by the successful party as an element of an award of attorneys' fees under A.R.S. section 12-341.01(A). We therefore approve the request and award attorneys' fees in the amount of $38,193.66 and costs in the amount of $997.13.
CONTRERAS, P.J., and WEISBERG, J., concur.