973 P.2d 106

AHWATUKEE CUSTOM ESTATES MAN-
AGEMENT ASSOCIATION, INC., an
Arizona non-profit corporation, Plain-
tiff–Appellee,

v.

Daniel G. BACH, a single man,
Defendant–Appellant.

No. CV–97–0495–PR.

Supreme Court of Arizona,
En Banc.

Jan. 28, 1999.

Bryan Cave LLP by Margaret R. Maho-
ney and Sarah L. Chilton, Phoenix, Attor-
neys for Appellee.

Cheifetz & Iannitelli, P.C. by Claudio E.
Iannitelli, Phoenix, Attorneys for Appellant.

OPINION

McGREGOR, Justice.

¶ 1 The primary issue before us is wheth-
er the successful party in a contract action
may recover its non-taxable costs as part of
an award of attorneys' fees under Arizona
Revised Statutes (A.R.S.) § 12–341.01.A
(West 1992). We hold it may not.

I.

¶ 2 This matter stems from a disagree-
ment involving Appellant Daniel Bach's
(Bach) installation of a fence and pilasters on
his property in the Ahwatukee Custom Es-
tates–8 Subdivision. Appellee Ahwatukee
Custom Estates Management Association
(ACEMA) brought an action against Bach,
asserting the height of his fence and con-
struction of the pilasters violated the ACE-
MA Declaration of Covenants, Conditions
and Restrictions (CC & Rs). Following a
bench trial, the court ruled in ACEMA's
favor on the fence height issue and in Bach's
favor on the pilaster issue.

¶ 3 ACEMA moved for its attorneys' fees
and costs, alleging it could recover them

either under the language of the CC & Rs [1] or under A.R.S. § 12–341.01.[2]A. The trial court, designating ACEMA as the prevailing party, awarded ACEMA attorneys' fees in the amount of $20,000 and taxable costs of $97.25. Bach does not dispute those awards. In addition, however, the court awarded ACEMA $1,813.27 to compensate for non-taxable costs such as delivery and messenger service charges, copying expenses, telecopier and fax charges, postage, and long distance telephone charges.

¶ 4 The Court of Appeals, Division One, affirmed the judgment, reasoning that if "[non-taxable expenses] are incurred in direct connection with the provision of legal services and are passed on to the client as part of the attorneys' bill, they can be considered to be part of the 'attorneys' fees.'" *Ahwatukee Custom Estates Management Ass'n, Inc. v. Bach,* 191 Ariz. 87, 91, 952 P.2d 325, 329 (1997). Appellant sought review in this court, asserting that Division One's decision directly conflicts with Division Two's decision in *CenTrust Mortgage Corp. v. PMI Mortgage Ins. Co.,* 166 Ariz. 50, 800 P.2d 37 (App.1990), in which the court held that expenses incurred for investigative services, messenger services, long distance telephone calls, travel and document binding cannot be recovered as attorneys' fees under A.R.S. § 12–341.01. We granted review to resolve this conflict and exercise jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

## II.

¶ 5 The question whether non-taxable costs may be included in an award of attorneys' fees under A.R.S. § 12–341.01 presents a legal issue, which we review *de novo.* See *Canon School Dist. v. W.E.S. Constr. Co.,* 177 Ariz. 526, 869 P.2d 500 (1994).

¶ 6 The expense of pursuing civil litigation involves both attorneys' fees and direct, out-of-pocket expenditures. By enacting A.R.S. § 12–341,[3] the legislature directed courts to award the successful party its "costs," although the trial judge retains discretion over the extent of that award. See *Estate of Miles,* 172 Ariz. 442, 444, 837 P.2d 1177, 1179 (App.1992) (specifying that "[t]he trial court's discretion in awarding costs goes only to the question of which items to allow, not to the actual awarding of costs, which is mandatory in favor of the successful party"). As ACEMA concedes, a party cannot recover its litigation expenses as costs unless a statutory basis exists for recovery. See *Sweis v. Chatwin,* 120 Ariz. 249, 251, 585 P.2d 269, 271 (App.1978) (citing *Williams v. Hagans,* 56 Ariz. 88, 105 P.2d 960 (1940) and *Stewart v. Lee–Stewart, Inc.,* 5 Ariz.App. 216, 425 P.2d 118 (1967)). Arizona's cost recovery statute, A.R.S. § 12–332, limits taxable costs to expenses incurred for witness fees, deposition expenses, certified copies, surety expenses, and other costs incurred pursuant to an agreement between the parties. ACEMA also concedes, as it must, that section 12–332 does not permit recovery of expenses incurred for photocopying, long distance telephone calls, messenger and delivery charges, and telecopier or fax charges. Nevertheless, ACEMA argues it can recover those non-taxable costs as part of an award for attorneys' fees. We disagree.

¶ 7 Allowing a party to recover non-taxable costs under the guise of attorneys' fees would undermine the legislative intent expressed in A.R.S. § 12–332. By enacting that statute, the legislature clearly defined which categories of litigation expenses a prevailing party can recover from the opposing party. Prior Arizona decisions reflect a consistent refusal to expand the definition of taxable costs beyond that provided by statute. See, e.g., *Ponderosa Plaza v. Siplast,*

---

1. Article IX, paragraph 7 of the CC & Rs provides in pertinent part: "In the event legal action is filed hereunder, the non-prevailing party shall pay the prevailing party's reasonable attorneys' fees incurred in addition to any relief or judgment ordered by the Court."

2. A.R.S. § 12–341.01.A provides in part that "[i]n any contested action arising out of a con-

tract, express or implied, the court may award the successful party reasonable attorney's fees."

3. A.R.S. § 12–341 states that "[t]he successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law."

181 Ariz. 128, 134, 888 P.2d 1315, 1321 (App. 1993) ("[I]f the legislature had wanted to [expand the statute], it would have clearly done so."); *Fowler v. Great American Ins. Co.,* 124 Ariz. 111, 114, 602 P.2d 492, 495 (App.1979) (unenumerated expenses are not recoverable). Although the legislature could have enacted a statute that would permit a prevailing party to recover all litigation expenses as taxable costs, it did not. If we were to accept ACEMA's argument that it can recover non-taxable costs as attorneys' fees, therefore, we would effectively permit ACEMA to recover indirectly expenses it cannot recover directly under the clear language of the statute. *See State v. McDonald,* 88 Ariz. 1, 14, 352 P.2d 343, 351 (1960) (noting that "the word 'cost' has been limited in its meaning by A.R.S. § 12–332 ... [and][s]hould it be deemed advisable to effect a change in the law, ... it should be done by the legislature and not by judicial fiat"). That result would be inconsistent with the language and intent of Arizona's cost recovery statute. ACEMA may be correct in arguing that our cost recovery statute does not comport with the realities of modern legal practice. If so, as we noted in *McDonald,* the remedy lies with the legislature, not with this court.

¶ 8 A second reason leads us to reject ACEMA's argument. Designating non-taxable costs as attorneys' fees would require that we expand the definition of fees beyond any boundary that we are prepared to accept. At least to this time, the accepted definition of "attorneys' fees" has been fees charged by an attorney for rendering services that reflect and depend upon the attorney's training and legal skill. Indeed, judicial awards of reasonable attorneys' fees to a successful party rest upon the assumption that the lawyer has rendered legal services; the question for the court is not whether the fees sought are for services rendered but whether the fees claimed "bear a direct relation to ... the quality, kind and extent of *the*

*service[s] rendered." Leggett v. Wardenburg,* 53 Ariz. 105, 107, 85 P.2d 989, 990 (1939) (emphasis added). *See also, e.g., Schwartz v. Schwerin,* 85 Ariz. 242, 245–46, 336 P.2d 144, 146 (1959) (holding that the court determines reasonable attorneys' fees by considering "the qualit[y] of the advocate ... the character of the work to be done ... the work actually performed by the lawyer ... [and] the result [obtained]"). We discern no reason for expanding the concept of attorneys' fees to include the cost of direct expenses of litigation.[4]

¶ 9 The Court of Appeals, in decisions with which we agree, has recognized that some activities performed by a lawyer's surrogate properly can be included in an award of attorneys' fees. For instance, "legal assistant and law clerk services may properly be included as elements in attorneys' fees applications and awards" because these individuals typically have acquired legal training and knowledge sufficient to permit them to contribute substantively to an attorney's analysis and preparation of a particular legal matter. *Continental Townhouses East v. Brockbank,* 152 Ariz. 537, 544, 733 P.2d 1120, 1127 (App. 1986). Attorneys "should not be required to perform tasks more properly performed by legal assistants or law clerks solely to permit that time to be compensable in the event an attorneys' fees application is ultimately submitted." *Id.*

¶ 10 Similarly, attorneys' fees awards can include the cost of computerized legal research. Conducting legal research requires training and legal knowledge to achieve the desired results and, is true of activities performed by lawyers and their surrogates, pertains to the specific client matter at hand. The goal of using computerized legal research is to reduce time spent by an attorney and thereby provide legal services more efficiently. Therefore, it is "fair and more reasonable to characterize this ac-

---

4. ACEMA primarily relies upon federal decisions that permitted the prevailing party to recover litigation expenses as part of an award of attorneys' fees. *See, e.g., Wheeler v. Durham City Bd. of Educ.,* 585 F.2d 618 (4th Cir.1978); *Fairley v. Patterson,* 493 F.2d 598 (5th Cir.1974); *Bradley v. Richmond School Bd.,* 472 F.2d 318 (4th Cir.

1972). Those actions involved federal statutes and addressed public interest or significant social litigation issues. Because this action does not present any issue of significant public importance, we do not address whether a prevailing party in similar litigation could recover non-taxable costs under Arizona's statutes.

tivity as a service rendered by an attorney or surrogate to a specific client rather than an overhead expense to be shared by all clients." *Matter of Liquidation of Azstar Cas. Co.,* 189 Ariz. 27, 28, 938 P.2d 76, 77 (App.1996). Accordingly, we permit recovery of computerized research expenses as "an element of an award of attorneys' fees." *Id.* at 29, 938 P.2d at 78.

¶ 11 The common understanding permeating these decisions is that an award for fees should reimburse the attorney or surrogate for his or her legal training and knowledge as it relates to the legal services rendered to, or on behalf of, a particular client. The attorney's unique knowledge and understanding of the law and its application assist him or her in providing adequate advice to the client concerning legal issues, which, in turn, permits the attorney to charge a reasonable fee for the services rendered.

¶ 12 ACEMA's arguments ignore the distinction between expenses that, by agreement, a lawyer may charge to his or her client, and taxable costs, which a successful party can recover only with statutory authority. Although the legislature is free to expand the statutory definition of taxable costs, we hold that such costs may not be included in an award of attorneys' fees made pursuant to A.R.S. § 12–341.01.

### III.

¶ 13 ACEMA also seeks recovery of its non-taxable costs under Article IX, paragraph 7 of the CC & Rs, which allows a prevailing party to recover "reasonable attorneys' fees incurred *in addition to any relief or judgment ordered by the Court.*" (Emphasis added). The trial court, after conducting a hearing, awarded ACEMA its non-taxable costs not only under A.R.S. § 12–341.01 but also under this alternative basis. We find no error.

¶ 14 When interpreting a contract, a court must determine and effectuate the intent of the parties. *See Averett v. Farmers Ins. Co. of Arizona,* 177 Ariz. 531, 869 P.2d 505 (1994). Doing so generally requires that

the court engage in fact finding, and we leave to the sound discretion of the trial court a determination of how to so proceed. *See Taylor v. State Farm Mut. Auto. Ins. Co.,* 175 Ariz. 148, 854 P.2d 1134 (1993).

¶ 15 Nothing in the record indicates that the trial court abused its discretion, either in determining that the CC & Rs permit recovery of the non-taxable costs or in awarding such costs under the contract terms. The broadly written contract provision expressly permits recovery of more than "attorneys' fees"; it permits a court to award "any relief or judgment" the court deems appropriate under the circumstances. In this instance, the trial court deemed an award of non-taxable costs appropriate under these circumstances.

¶ 16 Although Bach challenges the award of non-taxable costs, he neither asserted nor established that the trial court acted unreasonably or abused its discretion in making the award. Likewise, he has not argued that the award itself was unreasonable, or that it extended the contractual terms beyond the parties' intentions. We therefore hold that ACEMA can recover its non-taxable costs pursuant to the CC & Rs.

### IV.

¶ 17 For the foregoing reasons, we vacate that portion of the Court of Appeals' opinion permitting ACEMA to recover non-taxable costs as attorneys' fees, and affirm the award of non-taxable costs to ACEMA pursuant to the CC & Rs.

THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, STANLEY G. FELDMAN, Justice, FREDERICK J. MARTONE, Justice, concur.