NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

GLENN M. LOCKERBY, *Plaintiff/Appellant,*

*v.*

PIMA COUNTY, et al., *Defendants/Appellees.*

No. 1 CA-CV 15-0277
FILED 03-24-2016

---

Appeal from the Superior Court in Maricopa County
No. CV2013-090967
The Honorable Mark Aceto, Judge (Retired)

**AFFIRMED**

---

APPEARANCES

Glenn M. Lockerby, Tucson
*Plaintiff/Appellant*

Pima County Attorney's Office, Tucson
By Dennis C. Bastron
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Margaret H. Downie joined.

---

**G E M M I L L**, Judge:

¶1        Glenn Lockerby appeals the Maricopa County Superior Court's judgment dismissing tort claims against multiple defendants and awarding Lockerby reimbursement of overbilled taxes for tax year 2014. For the following reasons, we affirm.

## BACKGROUND

¶2        Lockerby owns a single-family residence located in Pima County ("the Property").  In October 2013, Lockerby filed suit against Pima County, Pima County Assessor Bill Staples, Pima County Chief Deputy Assessor Lon Berg, and two fictitious defendants (collectively "the County").  Lockerby alleged that between 2008 and 2014, the County intentionally overvalued the Property in its annual tax assessments. Lockerby asserts the assessments reflected additions to the Property that never actually existed, including a covered porch and other amenities.  In his complaint, Lockerby alleged that by over-valuing the property for several years, the County committed several torts and caused Lockerby "ongoing emotional and financial injury."  Lockerby sought "permanent injunctive relief" against the County, as well as damages exceeding $80,000.

¶3        The County filed a motion to dismiss Lockerby's complaint under Arizona Rule of Civil Procedure ("Rule") 12(b)(6).  The County argued that to the extent Lockerby's complaint asserted tort claims, he failed to state any viable claim for relief.  The superior court agreed and explained that it was "unclear what claims [Lockerby] intend[ed] to assert through his Complaint."  The court granted the motion to dismiss Lockerby's tort-related claims for failure to state a claim, but did not dismiss the remaining non-tort claims.

¶4        At a bench trial, the court considered the evidence and arguments presented to determine whether Lockerby had established a viable claim under "any potentially applicable theory."  Ultimately, the superior court construed Lockerby's complaint as a tax assessment appeal under Arizona Revised Statutes ("A.R.S.") section 42-16201 and held that the County's valuation of the Property was in fact excessive.  Based on the evidence presented, the court determined the true value of the property to be $81,357 and held that Lockerby was entitled to $111.19 in overbilled taxes

for tax year 2014.[1]  The court dismissed any remaining claims in Lockerby's complaint.  Lockerby timely appeals, and this court has jurisdiction under A.R.S. § 12-2101(A)(1).

## I.  Dismissal of Lockerby's Tort Claims and Construing of His Complaint as a Tax Appeal

**¶5**          The superior court found Lockerby's complaint attempted to assert four tort claims: (1) tortious interference with a business expectancy, (2) gross negligence, (3) intentional infliction of emotional distress, and (4) negligent infliction of emotional distress.  Lockerby argues the trial court incorrectly dismissed these tort claims and that he is entitled to financial and injunctive relief.  Lockerby also argues the trial court incorrectly treated his complaint as a tax appeal.  We review de novo the superior court's order granting a motion to dismiss under Rule 12(b)(6).  *Coleman v. City of Mesa*, 230 Ariz. 352, 355–56, ¶ 7 (2012).

**¶6**          Dismissal under Rule 12(b)(6) is proper if there is no reasonable interpretation of the facts under which the plaintiff would be entitled to relief.  *Id.* at 356, ¶ 8.  In evaluating the sufficiency of the complaint under Rule 12(b)(6), the court assumes the truth of the well-pled facts, *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008), but not mere conclusory assertions or legal opinions, *Belen Loan Investors, LLC v. Bradley*, 231 Ariz. 448, 455, ¶ 18 (App. 2012).

### A.  Tortious Interference with a Business Expectancy

**¶7**          Lockerby argued that the County's over-valuation of the Property tortiously interfered with his right to "peaceful use" of his home.  The court construed this argument as a claim for tortious interference with a business expectancy.  A plaintiff asserting this claim must allege that a valid business expectancy existed, that the interferer had knowledge of this expectancy and intentionally caused its termination, and that damage resulted.  *Dube v. Likins*, 216 Ariz. 406, 412, ¶ 14 (App. 2007).  Here, Lockerby's complaint fails to allege that a valid business expectancy existed.  Although he claims that the over-valuation made it difficult to sell the Property, he did not assert that he had a valid expectancy in such a sale.  *See id.* (explaining that a business expectancy must be "more than a mere

---

[1]  Lockerby had already over-paid his 2014 property taxes by $55.60.  The court ordered that this amount be reimbursed to Lockerby and further that the bill for his second installment of property taxes be reduced by $55.59.

'hope'" (internal citation omitted)). The court's dismissal of this claim was therefore proper.

### B. Gross Negligence

¶8 Lockerby also argued the County's actions rose to the level of "gross negligence" and caused him emotional and financial injury. A defendant is grossly negligent when he acts in a way that "not only creates an unreasonable risk of bodily harm to others but also involves a high probability that substantial harm will result." *Walls v. Ariz. Dep't of Pub. Safety*, 170 Ariz. 591, 595 (App. 1991). Here, Lockerby has not alleged facts sufficient to find a "high probability" of an "unreasonable risk" of "substantial harm." In addition, a claim for gross negligence requires allegations that a defendant's conduct was "flagrant and evince[d] a lawless and destructive spirit." *Kemp v. Pinal County*, 13 Ariz. App. 121, 124 (1970) (quoting *Scott v. Scott*, 75 Ariz. 116 (1953)). We agree with the superior court that Lockerby's complaint did not allege facts that rose to the level of gross negligence on the part of the County. Therefore, this claim was properly dismissed.

### C. Negligent Infliction of Emotional Distress

¶9 Similarly, the superior court correctly dismissed any claim for negligent infliction of emotional distress. That tort requires that the plaintiff, having been in the "zone of danger" himself or having witnessed a loved one sustain injury or death, experience actual physical injury or bodily harm as a result of an unreasonable risk of harm created by the defendant. *Keck v. Jackson*, 122 Ariz. 114, 116 (1979); *Rodriguez v. Fox News Network, LLC*, 238 Ariz. 36, 39, ¶ 7 (App. 2015). A mere allegation of emotional injury is insufficient; the plaintiff must also allege that, because of the emotional injury, he or she suffered physical harm. *Gau v. Smitty's Super Valu, Inc.*, 183 Ariz. 107, 109 (App. 1995). Lockerby did not allege that he has experienced any physical injury, was in a zone of danger, or witnessed injury to a loved one. Therefore, the court properly dismissed this claim as well.

### D. Intentional Infliction of Emotional Distress

¶10 Lockerby also argues that the County, "by gross, willful indifference," inflicted emotional stress upon him. The tort of intentional infliction of emotional distress requires extreme and outrageous conduct by the defendant, with the intent of causing emotional harm, and the actual manifestation of severe emotional distress. *Ford v. Revlon, Inc.*, 153 Ariz. 38,

43 (1987). Extreme and outrageous conduct is conduct that exceeds the bounds of social decency or expectation. *Rowland v. Union Hills Country Club*, 157 Ariz. 301, 304 (App. 1988). Here, although Lockerby's claims allege that the County engaged in wrongful conduct, he does not plead facts sufficient to show that the County's actions were outrageous or extreme. Furthermore, Lockerby does not allege that he has experienced any actual manifestation of severe emotional distress. *See Ford*, 153 Ariz. at 43. Therefore, the court properly dismissed any claims for intentional infliction of emotional distress.

### E.    Treatment of Lockerby's Case as a Tax Appeal

¶11    Although it found that Lockerby did not plead any legally sufficient claims for relief under tort law, the superior court allowed Lockerby to seek relief under Arizona's tax statutes. Rather than dismissing his claims in their entirety, the superior court construed Lockerby's arguments as a tax appeal under A.R.S. § 42-16201, which allows a "property owner who is dissatisfied with the valuation or classification of [his property] as determined by the county assessor" to seek legal intervention. We review de novo the superior court's ruling regarding whether a complaint adequately stated a claim for relief under Rule 12(b)(6). *See Coleman*, 230 Ariz. at 355–56, ¶ 7.

¶12    The court's treatment of Lockerby's complaint was proper. The court ruled in favor of Lockerby on his tax appeal, then dismissed any other claims to the extent that Lockerby attempted to plead them. By so interpreting Lockerby's complaint, the court followed the admonition in our Rules and case law to construe pleadings to achieve "substantial justice." *See* Ariz. R. Civ. P. 8(f); *see also Hammontree v. Kentworthy*, 1 Ariz. App. 472, 481 (1965) ("Pleadings should be construed so as to do substantial justice."). We therefore affirm the superior court's grant of the County's motion to dismiss and discern no error its subsequent treatment of Lockerby's claims.[2]

---

[2] Because we hold that the superior court properly dismissed Lockerby's tort claims and any claims remaining after the decision on his tax appeal, we also reject Lockerby's argument that the court should not have dismissed his claims against Bill Staples.

## II.      Dismissal of Claims against Lon Berg

**¶13**          Lockerby also contends the superior court improperly dismissed his claims against Pima County official Lon Berg. Berg was dismissed from the suit after the superior court granted summary judgment in his favor. We review de novo a superior court's grant of summary judgment. *Wickham v. Hopkins*, 226 Ariz. 468, 470, ¶ 7 (App. 2011).

**¶14**          The superior court held Lockerby had not satisfied the notice of claim requirements under A.R.S. § 12-821.01(A) for an action against a public official:

> Persons who have claims against a public entity, public school or a public employee shall file claims with the person or persons authorized to accept service for the public entity, public school or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity, public school or public employee to understand the basis on which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

Berg's affidavit in support of the County's motion for summary judgment stated that Lockerby never served him with a notice of claim. *See Johnson v. Superior Court in & for Pima Cty.*, 158 Ariz. 507, 509 (App. 1988) (explaining that an earlier, similar version of A.R.S. § 12-821.01(A) required "that notice be given to the public employee, as well as the public entity," in order to hold the public employee liable for his or her conduct). Lockerby presented no evidence to the contrary. Accordingly, the superior court did not err as a matter of law by dismissing Lockerby's claims against Berg.

## III.      Effective Date of Overpayment Reimbursement

**¶15**          Lockerby also argues that the court erred by not awarding him reimbursement for taxes he claims he overpaid from 2009 to 2013. Because this issue involves a question of statutory interpretation, our appellate review is de novo. *See Vincent v. Nelson*, 238 Ariz. 150, 153, ¶ 8 (App. 2015); *City of Phoenix v. Harnish*, 214 Ariz. 158, 161, ¶ 6 (App. 2006).

**¶16**         As explained above, the superior court properly treated Lockerby's complaint as a tax appeal under A.R.S. § 42-16201.  In relevant part, that statute provides:

> A property owner who is dissatisfied with the valuation or classification of the property as determined by the county assessor may appeal directly to the court as provided by this article on or before December 15 regardless of whether the person has exhausted the administrative remedies under this chapter[.]

A.R.S. § 42-16201(A).

**¶17**         Lockerby's complaint was filed on October 7 of the valuation year 2013.  *See Forum Dev., L.C. v. Ariz. Dep't of Revenue*, 192 Ariz. 90, 94 (App. 1997) (explaining that under the post-1996 tax rules, an appeal of a property valuation must be filed by December 15 of the year in which the valuation is determined).  Accordingly, the complaint constituted a timely appeal of the Property's assessment for the tax year 2014 (which is based on the assessment from valuation year 2013).  *See id.*  But contrary to Lockerby's argument, it was not a timely appeal as to the property assessments for any other valuation year, because it was not filed by December 15 of the corresponding valuation years.  The court's judgment awarding reimbursement for only the 2014 tax year was not error.

## IV.    Lockerby's Application for Costs

**¶18**         Finally, Lockerby contests the superior court's calculation of costs.  Lockerby contends the trial court improperly failed to reimburse him for all the costs he incurred during the course of the lawsuit.  We review de novo the superior court's determination of whether a particular expense qualifies as a taxable cost.  *Schritter v. State Farm Mut. Auto. Ins. Co.*, 201 Ariz. 391, 392, ¶ 5 (2001).  We review for an abuse of discretion the superior court's factual determinations underpinning the amount of costs awarded. *See Ahwatukee Custom Estates Mgmt. Ass'n., Inc. v. Bach*, 193 Ariz. 401, 404, ¶ 16 (1999).

**¶19**         In his application for costs before the superior court, Lockerby identified a total of $56,553.99 in expenses incurred during the duration of this suit.  The superior court ultimately awarded Lockerby $369 in costs, representing the cost of filing his October 2013 complaint and the cost of

paying a private process server.[3]  Having examined Lockerby's application for costs, we discern no error in the court's award.  A successful party in a civil action is entitled to recover all "costs expended" during the civil suit.  A.R.S. § 12-341.  "Costs" are defined as "taxable costs," including the fees of "officers and witnesses."  A.R.S. § 12-332(A).  Filing fees and fees of process servers related to this action are properly included in this calculation.[4]  The other expenses listed by Lockerby, however, such as the costs of vehicle maintenance, office supplies, and legal research, are not compensable as taxable costs under A.R.S. § 12-332(A).  *See, e.g., Ahwatukee Custom Estates*, 193 Ariz. at 402, ¶ 3.  The superior court did not err, and we affirm the $369 costs award.

## CONCLUSION

**¶20**        We affirm the superior court's judgment.



Ruth A. Willingham · Clerk of the Court
F I L E D : RT

---

[3]  The process server fee awarded by the court represented one-fourth of the fee actually paid.  This is proper because Lockerby was successful only on his claims against one defendant, Pima County, and not successful on his claims against the remaining three defendants.

[4]  Lockerby listed additional taxable costs in his application, but they relate to separate cases and are therefore not recoverable in this action.