NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JESUS R. FRANCO RODRIGUEZ, *Plaintiff/Appellee*,

*v.*

NELS A. WISE, *et al.*, *Defendants/Appellants*.

No. 1 CA-CV 16-0331
FILED 11-9-2017

Appeal from the Superior Court in Maricopa County
No. CV2013-016284
The Honorable Lori Horn Bustamante, Judge

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**

COUNSEL

Miller Pitt Feldman & McAnally PC, Phoenix
By Nathan J. Fidel, Jose de Jesus Rivera, Nathan B. Webb,
Stanley G. Feldman
*Counsel for Plaintiff/Appellee*

Hill Hall & DeCiancio PLC, Phoenix
By Joel DeCiancio, Christopher Robbins
*Counsel for Defendant/Appellant*

Levenbaum Trachtenberg PLC, Phoenix
By Geoffrey M. Trachtenberg

Law Offices of Raymond J. Slomski, PC, Phoenix
By Adam A. Studnicki
*Co-Counsel for Amicus Curiae*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge Randall M. Howe joined.

---

**C A T T A N I**, Judge:

**¶1** This is an appeal following a plaintiff's verdict in favor of Jesus Franco Rodriguez in a personal injury case. Nels and Dee Wise (collectively, "Wise") challenge in particular the superior court's imposition of sanctions against them under Arizona Revised Statutes ("A.R.S.") § 12-349(A), and the court's determination of costs under A.R.S. § 12-332(A). For reasons that follow, we reverse the superior court's inclusion of certain investigative expenses under § 12-332 and remand to determine the nature of expenses awarded for messenger fees. In all other respects, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2** Rodriguez brought a claim for negligence against Wise stemming from an automobile accident. After the accident, Rodriguez was transported by ambulance to the hospital, where he stayed overnight. In the weeks following the accident, Rodriguez received 24 chiropractic treatments for persistent pain. Three months after the accident, Rodriguez received a cranial CT scan to rule out head trauma. He incurred a total of over $44,000 in medical expenses, and his automobile had extensive damage and was not drivable.

**¶3** Rodriguez disclosed his medical records and the witnesses who would testify that his medical treatment and bills were reasonable, necessary, and caused by the accident. Wise did not provide witnesses to

contest these issues, and Rodriguez subsequently sent Wise discovery requests seeking admissions regarding those issues. Wise denied that the medical bills were reasonable and necessary, objecting on the basis that the requests "attempt[] to shift the burden of proof" and insisted that all treating physicians testify. Wise also refused to admit that the medical bills were kept in the course of regularly conducted business.

¶4            Rodriguez thereafter filed a motion for partial summary judgment and a motion to compel responses to his request for admissions. The superior court denied both motions, reasoning that Wise had the right to require Rodriguez to prove his case to a jury.

¶5            Rodriguez deposed six witnesses regarding their respective treatments and bills. During four of the depositions, Wise's counsel did not ask whether the treatment or bills were reasonable or necessary, and in one deposition Wise's counsel asked no questions at all. Only during the deposition regarding the CT scan did Wise's counsel question the reasonableness, necessity, and reasons for the treatment.

¶6            Regarding the damage to Rodriguez's truck, Wise's counsel disclosed a repair estimate from Wise's automobile insurance company. But Wise's counsel refused to identify the appraiser for purposes of trial and would not stipulate to the amount of the appraisal. Only after being ordered by the court to either agree to a stipulated amount or provide the appraiser's identity did counsel stipulate to the amount of property damage.

¶7            Ten days before trial, Wise admitted negligence but continued to deny the extent of causation and damages. However, during opening statements at trial, Wise's counsel acknowledged that the "vast majority" of medical bills and treatment were related to the accident. At that point—and only after being pressed by the court—Wise's counsel indicated that out of the over $44,000 of claimed medical expenses, only two treatments were contested: $275 for a physician's consultation and $4,165 for the CT scan.

¶8            The jury returned a verdict in favor of Rodriguez for $100,000. Rodriguez then moved for sanctions under Arizona Rules of Civil Procedure 68(g) and A.R.S. § 12-341 because Wise had rejected an offer of judgment for $100,000, and as relevant here, for sanctions under A.R.S. § 12-349 because Wise "needlessly created unnecessary costs . . . and prolonged trial." The superior court granted sanctions of $28,169.08 under

3

Rule 68(g) and § 12-341, and $39,700 under (among other alternative grounds) § 12-349.

**¶9**          Wise timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶10**          Wise argues that the superior court erred by imposing sanctions under § 12-349, and that the superior court erred by including expenses in the award under Rule 68(g) and § 12-341 that are not taxable costs under § 12-332.  We address each argument in turn.

## I.      Sanctions Under A.R.S. § 12-349(A)(3).

**¶11**          We review application of § 12-349 de novo.  *Phx. Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 244 (App. 1997).  Under § 12-349(A)(3), if an attorney or party "unreasonably expands or delays the proceeding" the court must award reasonable attorney's fees and expenses.  The relevant question is whether "a party's (or attorney's) actions caused unreasonable delay and expansion of the proceedings."  *Solimeno v. Yonan*, 224 Ariz. 74, 82, ¶ 32 (App. 2010).  To evaluate whether a discovery sanction was proper, we determine (1) whether the superior court had a proper basis for the sanction, and (2) if so, whether the amount was appropriate.  *See id.* at 81–82, ¶¶ 28, 34.  An assessment whether the costs requested are reasonable is "peculiarly within the discretion of a trial court, and will not be disturbed absent a showing of abuse of that discretion."  *Id.* at 82, ¶ 36.

**¶12**          Here, nearly all the treatment Rodriguez received was within 24 hours of the accident.  Wise was given the medical records relating to the treatment, but nevertheless insisted (without indicating which issues were disputed) that testimony would be required from all treating physicians.  The parties conducted six lengthy depositions, with Wise substantively cross-examining only one of the witnesses regarding Rodriguez's bills and treatment.  Wise's counsel waited until opening statements at trial to narrow issues by conceding that only two of the six treatments and bills were contested.

**¶13**          Similarly, although Rodriguez was willing to stipulate to the property damage estimated by Wise's own appraiser, Wise would not agree to do so.  And refused to identify the appraiser so Rodriguez could subpoena him.  Only when the court ordered Wise to stipulate or provide the appraiser's identity did Wise agree to the amount of property damage.

¶14 Under these circumstances, there was a basis for sanctions under § 12-349(A)(3). Wise was entitled to deny Rodriguez's requests for admissions and require Rodriguez to prove his case. But after receiving and reviewing the relevant medical records, Wise could have narrowed the scope of the issues to be addressed at trial and avoided significant costs by agreeing to forgo depositions that were apparently of little importance to him, as evidenced by the absence of meaningful cross-examination of the witnesses.

¶15 Wise argues the superior court abused its discretion because it is unfair to impose sanctions after trial when the court originally agreed that there was a basis to deny the requests for admissions. But the superior court's pretrial ruling does not end the analysis regarding whether Wise unnecessarily increased the cost of the litigation. Even assuming the requests for admission were overbroad or that Wise otherwise had a legitimate basis for denying them, Wise could have admitted which issues were contested before insisting that witnesses be deposed or provide trial testimony. Thus, the fact that the court agreed Rodriguez had a legitimate basis to oppose the requests for admissions does not call into question its post-trial sanctions determination.

¶16 Because there was a basis for sanctions under § 12-349, we do not address other bases for sanctions considered by the superior court. *See State v. Robinson*, 153 Ariz. 191, 199 (1987) (holding that an appellate court may affirm on any basis supported by the record).

¶17 Sanctions awarded under § 12-349(A) may include "reasonable attorney fees, [and] expenses." The superior court is given "wide latitude in assessing the amount" of sanctions. *Fowler v. Great Am. Ins. Co.*, 124 Ariz. 111, 114 (App. 1979). Ultimately, sanctions should reflect the additional expenses caused by the sanctionable conduct. *Taliaferro v. Taliaferro*, 188 Ariz. 333, 341 (App. 1996).

¶18 Here, the superior court imposed sanctions for the expenses of proving that the medical bills and treatments were reasonable and necessary. The sanctionable conduct was Wise's unjustified refusal to admit the reasonableness and necessity of the medical bills and treatment after having reviewed the medical records. Rodriguez was forced to prepare for and conduct six depositions regarding the medical bills and treatments, even though the depositions arguably did not further the resolution of any disputed issue. Thus, the amount of the sanctions imposed is properly related to Wise's conduct.

¶19 Further, the superior court excluded from the computation expenses related to activities unrelated to Wise's failure to narrow the issues—such as expenses associated with the motion for summary judgment, the disclosure and joint pretrial statement, and delivery of trial exhibits. Accordingly, the superior court did not abuse its discretion in determining the appropriate sanction amount.

## II.    Classification of Costs Under A.R.S. § 12-332.

¶20 Costs are defined by statute and include: "1. Fees of officers and witnesses. 2. Cost of taking depositions. 3. Compensation of referees. 4. Cost of certified copies of papers or records." A.R.S. § 12-332(A)(1)–(4). Wise concedes Rodriguez is entitled to costs under § 12-341, and double costs under Rule 68(g). However, Wise argues the superior court erred by considering certain expenses as taxable costs.

¶21 We review de novo whether an expense is included within the definition of taxable cost under A.R.S. § 12-332(A) because it is a question of law. *Reyes v. Frank's Serv. & Trucking, LLC*, 235 Ariz. 605, 608, ¶ 6 (App. 2014). However, a determination that a particular expense is factually within a category of taxable costs is reviewed for an abuse of discretion. *Graville v. Dodge*, 195 Ariz. 119, 130, ¶ 53 (App. 1999). Here, Wise challenges the inclusion of the following items as taxable costs: (1) videotaped depositions, (2) investigator expenses, (3) certain TurboCourt fees, and (4) messenger service fees.

¶22 Wise argues the videotaped depositions are not taxable "costs of taking depositions" because the intent was always that they be used at trial. But expenses related to videotaped depositions are "undeniably costs of taking depositions" under A.R.S. § 12-332(A)(2). *Reyes*, 235 Ariz. at 610–11, ¶ 20 (quotations omitted). Accordingly, the expenses for the videotaped depositions are taxable costs under § 12-332(A)(2).

¶23 Wise next argues that investigator expenses should not have been included. Although investigator expenses are not generally taxable costs, *see* A.R.S. § 12-332(A), here, some of the investigator expenses were attributable to locating already known witnesses for deposition. Thus, those expenses were essential for the witnesses to be "meaningfully deposed" and may be considered "ancillary deposition expenses." *See Reyes*, 235 Ariz. at 610, ¶¶ 16–17 (holding that an interpreter fee was "a cost of taking the deposition" because the interpreter was required for the witness to be "meaningfully deposed").

¶24        Investigator expenses to "interview" witnesses, however, are not ancillary deposition expenses. Unlike locating a witness, or interpreting for a witness, interviewing a witness prior to a deposition is not necessarily essential to a meaningful deposition. Thus, only the investigator expenses for locating witnesses for depositions are taxable costs under A.R.S. § 12-332(A)(2), and the superior court should not have considered the $202.90 expense for interviewing a witness as a taxable cost.

¶25        Wise also argues that because "various . . . fees are not associated with the date of any filing," the superior court incorrectly found that some TurboCourt fees were "fees of officers." But the TurboCourt fees correspond with filing dates, and as all parties acknowledge, filing fees are fees of officers and thus taxable under § 12-332(A)(1).

¶26        Finally, Wise argues the superior court erred by considering Rodriguez's messenger expenses as taxable costs. Rodriguez listed several messenger expenses on the application for judgment but described many of them as investigation, filing, service of process, or subpoena fees. Messenger and delivery fees are not taxable costs under A.R.S. § 12-332. *Ahwatukee Custom Estates Mgmt. Ass'n v. Bach*, 193 Ariz. 401, 402, ¶ 6 (1999). Because the superior court did not specify which of the claimed messenger expenses were taxable costs, we remand for a determination of whether those expenses should be excluded as delivery fees as opposed to taxable fees of officers paid through the messenger service.

## CONCLUSION

¶27        For the foregoing reasons, we affirm the superior court's imposition of sanctions, but reverse the award of costs for interviewing a witness and remand to determine the nature of Rodriguez's expenses denominated as messenger expenses. In an exercise of our discretion, we decline Rodriguez's request for an award of attorney's fees on appeal.



AMY M. WOOD • Clerk of the Court
FILED:  AA

7