NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

BLACK CREEK INTEGRATED SYSTEMS CORP.,
an Alabama corporation,
*Plaintiff/Appellee[1]*,

*v.*

ALANCO/TSI PRISM, INC., an Arizona corporation,
ALANCO TECHNOLOGIES INC., an Arizona corporation,
*Defendants/Appellants.*

TSI DISSOLUTION CORP. (formerly known as ALANCO/
TSI PRISM, INC.) an Arizona corporation,

*Counterclaimants/Appellants,*

*v.*

BLACK CREEK INTEGRATED SYSTEMS CORP., an Alabama
corporation,

*Counter-Defendant/Appellee.*

No. 1 CA-CV 16-0735
FILED 12-14-2017

---

[1]     On the court's own motion, the caption is hereby amended as
reflected in this decision and shall be used on all further documents filed in
this appeal.

Appeal from the Superior Court in Maricopa County
No. CV2011-014175
The Honorable Daniel G. Martin, Judge
The Honorable Patricia Starr, Judge
The Honorable Lisa D. Flores, Judge

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART**

COUNSEL

Koeller, Nebeker, Carlson & Haluck, LLP, Phoenix
By David W. Kash
*Counsel for Plaintiff/Counter-Defendant/Appellee*

Mueller & Drury, PC, Mesa
By Douglas V. Drury
*Counsel for Defendants/Counter-Claimants/Appellants*

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Patricia A. Orozco[2] joined.

**B R O W N**, Judge:

**¶1** Alanco Prism, Inc. (now known as TSI Dissolution Corp.) and Alanco Technologies, Inc. (collectively, "Alanco") appeals from the superior court's judgment in favor of Black Creek Integrated Systems Corp. ("Black Creek"). Alanco argues the court erred in (1) awarding Black Creek unreasonable amounts of attorneys' fees and costs, and (2) declining to find

---

[2] The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

that Black Creek failed to mitigate its damages. For the following reasons, we affirm in part and reverse and remand in part.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

**¶2** In 2010, Black Creek and Alanco Prism, Inc. entered into an Asset Purchase Agreement ("APA"), which provided that the purchase price would be adjusted based on the inventory value as of the closing date. If the parties could not resolve any outstanding inventory issues, the disputed issues would be submitted to "independent public accountants" for a final and binding resolution of the dispute.

**¶3** After the transaction closed, Black Creek objected to the inventory schedule, asserting that some of the inventory violated the APA warranty requirements. The parties were unable to resolve the dispute and Black Creek filed this lawsuit, which addressed four issues—two related to inventory value ("AeroScout Inventory" and "MicroTech Inventory"), one dealt with shared office expenses, and the fourth was based on an alleged failure to deliver prepaid design work ("Alderfer Strap" issue). Alanco's answer and counterclaim alleged in part that Black Creek was required to submit its claims to independent accountants pursuant to § 3.2 of the APA and that Black Creek owed Alanco for an increase in the inventory value at closing.

**¶4** After settling the shared expense issue, and notwithstanding § 3.2 of the APA, the parties stipulated that the amount in controversy remaining was below the compulsory arbitration limit. Before the case went to compulsory arbitration, however, Alanco moved for partial summary judgment, asserting that "the dispute was governed by § 3.2 of the APA and should be decided by independent accountants." Black Creek contended that it was seeking damages resulting from Alanco's breach of warranty related to the inventory and that the "accountants were not qualified to resolve its breach of warranty claim." The superior court denied Alanco's motion for partial summary judgment and the matter went to arbitration. The arbitrator issued a decision in favor of Black Creek in the amount of $23,609.74, and Alanco appealed to the superior court.

---

[3] This court previously considered an appeal filed by Alanco in this matter, and our decision in that appeal includes a more detailed description of the facts and procedural history. *Black Creek Integrated Sys. Corp. v. Alanco/TSI Prism, Inc.* ("*Black Creek I*"), 1 CA-CV 14-0449, 2015 WL 3400945 (Ariz. App. May 26, 2015) (mem. decision).

¶5            After completion of discovery and a two-day bench trial, the superior court ruled in favor of Black Creek on its breach of warranty claim concerning the AeroScout inventory, but against Black Creek on the Alderfer Strap and Microtech Inventory claims.  The court also denied Alanco's $39,340.97 counterclaim.  The court awarded Black Creek $7,277.42 in damages on the AeroScout Inventory claim and added it to $9,569.88 the parties stipulated was owed to Black Creek for business expenses, resulting in a total award of $16,847.30.   The court then awarded Black Creek $100,267.50 in attorneys' fees and costs in the amount of $2,916.33 pursuant to the APA; Black Creek had submitted a combined request of $112,096.34, plus a supplemental request of $5,169.  Alanco then appealed to this court.

¶6            We affirmed the superior court's decision that Alanco breached the APA's warranty regarding the AeroScout Inventory and remanded the case to the superior court to direct the parties to engage in the alternative dispute resolution ("ADR") process outlined in § 3.2 of the APA by having an independent accountant determine the amount of damages.  We vacated the court's award of attorneys' fees and costs to Black Creek, finding that a determination of the prevailing party was premature.  Once the parties' claims were resolved by the APA, however, the parties could seek a prevailing party determination for the purpose of awarding fees.  We also awarded Alanco its attorneys' fees incurred on appeal.  The parties then stipulated to an award of attorneys' fees and costs in the amount of $21,862.60.

¶7            On remand, the parties presented their remaining dispute to an independent accountant, who awarded Black Creek $13,031.69.  Alanco moved for further relief, arguing the accountant's computation was inaccurate and that the superior court had to resolve whether Black Creek failed to mitigate its damages.  The court denied Alanco's request, adopted the accountant's conclusions as final, and determined that Black Creek was the prevailing party.

¶8            Black Creek filed its application for attorneys' fees and costs, claiming the same amounts that were vacated in *Black Creek I* ($100,267.50 in attorneys' fees and $2,916.33 in costs), plus additional amounts of attorneys' fees and costs incurred from after the appeal was filed until final judgment was entered.  The total amount requested was $161,472.42, which was then offset by Alanco's award of appellate fees and costs, resulting in a request of $139,609.82.  The court awarded Black Creek $139,609.82 for its reasonable attorneys' fees pursuant to the APA and Arizona Revised

Statutes ("A.R.S.") section 12-341.01, and costs pursuant to the APA and A.R.S. § 12-341.[4]  This timely appeal followed.

## DISCUSSION

### A.      Attorneys' Fees and Costs

**¶9**          Section 19 of the APA provides that "[i]n any action brought to enforce the provisions of this Agreement, the prevailing party shall be entitled to recover its attorneys' fees and costs as determined by the court and not the jury."  We review the superior court's award of attorneys' fees for an abuse of discretion.  *Bennett Blum, M.D., Inc. v. Cowan*, 235 Ariz. 204, 205, ¶ 5 (App. 2014).  "[I]f there is any reasonable basis for the exercise of such discretion, its judgment will not be disturbed." *Schwartz v. Farmers Ins. Co. of Ariz.*, 166 Ariz. 33, 38 (App. 1990).  "Appellate courts are hesitant to second-guess the trial court on awards of attorneys' fees in view of the trial court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Chase Bank of Ariz. v. Acosta*, 179 Ariz. 563, 574 (App. 1994) (internal citation and quotation omitted).  However, and "[n]otwithstanding the general rule that attorneys' fees are enforced in accordance with the terms of a contract, a contractual provision providing for an award of unreasonable attorneys' fees will not be enforced." *McDowell Mountain Ranch Cmty. Ass'n v. Simons*, 216 Ariz. 266, 270, ¶ 16 (App. 2007).

### 1.      Reasonableness of Attorneys' Fees

**¶10**          Alanco argues the superior court did not follow *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183 (App. 1983), and thus erred when it awarded Black Creek its attorneys' fees on unsuccessful claims.  In *Schweiger*, the court explained that "[w]here claims could have been litigated separately, fees should not be awarded for those unsuccessful separate and distinct claims which are unrelated to the claim upon which the plaintiff prevailed." 138 Ariz. at 189.  When "a party has achieved only partial or limited success, . . . it would be unreasonable to award compensation for all hours expended, including time spent on the unsuccessful issues or claims." *Id.*  However, because a claim may involve

---

[4]      Neither the proposed form of judgment nor the signed judgment include separate amounts for attorneys' fees and costs, as contemplated by Arizona Rule of Civil Procedure 54(h).  Nor did Black Creek file a separate verified statement of taxable costs, as contemplated by Rule 54(f).

related legal theories, making it difficult to divide counsel's time on a claim-by-claim basis, a party that has "accomplished the result sought in the litigation" should be awarded fees for "time spent even on unsuccessful legal theories." *Id.*[5]

**¶11**  Here, Black Creek was successful on its AeroScout Inventory claim and on Alanco's counterclaim. Although Black Creek was not successful on its MicroTech Inventory and Alderfer Strap claims, they arose from the same legal theory—that Alanco breached its warranty. Because Black Creek's claims arose from the same transaction and involved the same legal theory, the court did not abuse its discretion in declining to reduce the fees requested based solely on Black Creek's partial success. *See Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, 14, ¶ 24 (App. 2011) ("Partial success does not preclude a party from 'prevailing' and receiving a discretionary award of attorneys' fees.").

**¶12**  Alanco also challenges the overall reasonableness of the superior court's fee award. The APA does not state that the prevailing party is entitled to receive *all* of its attorneys' fees in litigation; therefore, the fees requested are subject to a reasonableness determination. *Cf. McDowell Mountain Ranch*, 216 Ariz. at 271, ¶¶ 4, 21-22 (concluding that contract provision mandating award of "all attorneys' fees" incurred required court to award fees unless "clearly excessive"). Before the award of attorneys' fees was vacated on appeal, the superior court reviewed whether the fees were reasonable; the court did not award all of the fees that were requested. After the appeal, in its final judgment the court awarded Black Creek the

---

[5]  In the superior court's initial ruling that awarded attorneys' fees to Black Creek, the court stated that it did not have authority to reduce the fees requested by parsing through Black Creek's wins and losses based on the attorneys' fees provision in the APA. The court erred to the extent it believed it could not reduce fees based on wins and losses of the various disputes at issue in this case. However, the error is harmless because the court expressly stated that it had the discretion to review the fee application for reasonableness, and it did so. Moreover, the fee award was vacated by this court in *Black Creek I*. On remand, the case was assigned to a different judge, who ultimately determined that Black Creek was the prevailing party. When that judge rotated off the case, a third judge considered the final attorneys' fee application, which included all of the fees previously requested.

same amount of fees awarded prior to *Black Creek I*, as well as the additional fees requested, finding that they were reasonable.

¶13 Alanco argues Black Creek should not be rewarded any attorneys' fees that accrued prior to *Black Creek I* because the case should have been sent to ADR as mandated by the APA. However, Black Creek was not solely responsible for the case not being referred directly to ADR. Alanco initially stipulated to compulsory arbitration rather than pursuing the contractually-mandated ADR. Additionally, the attorneys' fees incurred prior to *Black Creek I* were not necessarily unreasonable because Black Creek had to defend against Alanco's unsuccessful counterclaim and the bench trial was necessary to establish Alanco's indemnity of TSI.

¶14 Although we question whether the superior court should have awarded Black Creek the precise amount of attorneys' fees that were vacated by this court in *Black Creek I*, we cannot say the court abused its discretion by doing so, given all of the circumstances and unique factors at play in this protracted litigation. While the attorneys' fees awarded to Black Creek are substantial, Alanco was on notice that the prevailing party would be awarded fees "as determined by the court."

¶15 Alanco next argues the court's fee award was unreasonable because Black Creek engaged in block billing, which occurs when tasks are grouped together in a block so that time spent on each task cannot be reviewed for its reasonableness. *See In re Guardianship of Sleeth*, 226 Ariz. 171, 178, ¶ 34 (App. 2010). "In order for the court to make a determination that the hours claimed are justified, the fee application must be in sufficient detail to enable the court to assess the reasonableness of the time incurred." *Schweiger*, 138 Ariz. at 188. Although Black Creek's entries list multiple tasks per entry, the time allocated on the individual tasks is sufficiently detailed, and the time spent on the multiple tasks does not appear unreasonable. While block billing may not be the best practice, "no Arizona authority holds that a court abuses its discretion by awarding fees that have been block-billed." *RS Indus., Inc. v. Candrian*, 240 Ariz. 132, 138, ¶ 21 (App. 2016). As such, the court did not abuse its discretion.

¶16 Alanco also argues that certain fee entries demonstrated a duplication of effort. Although multiple attorneys worked on different aspects of the case at times, we are unable to say the court abused its discretion by not reducing the fees on that basis.

¶17 Alanco next contends the superior court erred by awarding Black Creek attorneys' fees from the first appeal in which Alanco prevailed

and was awarded fees. Reviewing the fee application, it is evident that a number of time entries (total of 15.3 hours) between May 30, 2014, and July 15, 2014, were directly related to the appeal in *Black Creek I* and Alanco's resulting award of attorneys' fees. The court did not have discretion to award such fees to Black Creek. Accordingly, the court's award of attorneys' fees must be reduced by $5,355.

## 2. Reasonableness of Cost Award

¶18 Alanco disputes the superior court's cost award of $8,800.00 for certified public accountant ("CPA") fees, arguing it is not a taxable cost under A.R.S. § 12-332(A). According to Black Creek, these costs were incurred for consultation with a CPA in preparation for submitting materials to ADR. A contract may entitle a party to costs that would otherwise be unrecoverable. *See* A.R.S. § 12-332(A)(6) (stating that superior court costs include "[o]ther disbursements that are made or *incurred pursuant to an order or agreement of the parties*") (emphasis added); *Ahwatukee Custom Estates Mgmt. Ass'n v. Bach*, 193 Ariz. 401, 404, ¶ 15 (1999) (upholding award of non-taxable costs because of the parties' "broadly written contract provision"). The APA permits the prevailing party to be awarded costs but does not define costs or specify that "all" costs will be recoverable. The superior court interpreted the APA to include non-taxable costs.

¶19 Assuming without deciding that the cost language in the APA was broad enough to fall under A.R.S. § 12-332(A)(6), a court must consider whether the costs claimed by the prevailing party were necessarily incurred and reasonable. *See Reyes v. Frank's Serv. & Trucking, LLC*, 235 Ariz. 605, 611, ¶ 20 (App. 2014) ("[T]rial courts must determine whether challenged expenditures, notwithstanding their status as taxable costs, were necessarily incurred and whether they are reasonable in amount."). The court's discretion will not be disturbed on appeal in the absence of an abuse of that discretion. *Hunt Inv. Co. v. Eliot*, 154 Ariz. 357, 361 (App. 1987).

¶20 Black Creek's only explanation for this cost was that the services were necessary for preparation of materials submitted in connection with the ADR proceeding. Because the parties had already tried the case twice, once to an arbitrator, and the second time to the superior court at trial, we are not persuaded that the CPA fees were reasonably necessary for the narrowly-defined matters that were decided through ADR. Moreover, we are unable to determine whether the fees charged were reasonable because the CPA's invoices lack any specific details of what

work was performed or the hours expended on each project. Accordingly, the court abused its discretion in awarding $8,800 in costs to Black Creek.

¶21 Alanco also argues the superior court erred by awarding Black Creek $140.00 for its appellate filing fee costs from the first appeal. Because Black Creek was not the prevailing party on appeal, it was not entitled to costs. Thus, the cost award must be reduced by $140.00.

### B. Mitigation of Damages

¶22 Alanco contends the superior court erred by not addressing whether Black Creek mitigated its damages following the ADR's calculation of damages. In the first appeal, we held that the superior "court lacked jurisdiction to determine the amount of Black Creek's damages" because § 3.2 of the APA required the parties to submit their inventory valuation dispute to independent public accountants. *See Black Creek I*, 1 CA-CV 14-0449, at *4, ¶ 18. We therefore remanded the case to the superior court for that purpose. The APA states that "the determination by the Independent Accountants . . . shall be final, binding, and conclusive on the parties." The APA's plain language does not grant the court discretion to alter the award. As such, the court did not err in not considering whether Black Creek failed to mitigate its damages.

### C. Attorneys' Fees and Costs on Appeal

¶23 Both parties request an award of attorneys' fees and costs incurred on appeal under § 19 of the APA. In our discretion, we conclude that Alanco is the prevailing party on appeal. As such, we award reasonable attorneys' fees and taxable costs to Alanco upon its compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶24          For the foregoing reasons, we affirm the superior court's ruling that Black Creek was the prevailing party as well as the court's refusal to address mitigation of damages.   We reverse the court's ruling in part on the reasonableness of attorneys' fees, reducing the award by $5,355.  We also reverse the court's ruling on costs that awarded $8,800 in CPA fees and the $140 appellate filing fee.  On remand, the court shall reduce the judgment by $14,295.



AMY M. WOOD • Clerk of the Court
FILED:   AA