IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RS INDUSTRIES, INC. and SUN
MECHANICAL CONTRACTING, INC.,
*Plaintiffs/Appellants,*

*v.*

J. SCOTT and BEVERLY CANDRIAN,
*Defendants/Appellees.*

No. 1 CA-CV 15-0035
FILED 6-7-2016

Appeal from the Superior Court in Maricopa County
No. CV2014-009512
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

COUNSEL

Haralson, Miller, Pitt, Feldman & McAnally, PLC, Tucson
By Gerald Maltz
*Counsel for Plaintiffs/Appellants*

Rusing, Lopez & Lizardi, PLLC, Tucson
By Michael J. Rusing, P. Andrew Sterling
*Co-Counsel for Defendant/Appellee*

Thomas A. Zlaket, PLLC, Tucson
By Thomas A. Zlaket
*Co-Counsel for Defendant/Appellee*

---

**OPINION**

---

Presiding Judge Diane M. Johnsen delivered the opinion of the Court, in which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

---

**J O H N S E N**, Judge:

¶1        After an arbitrator ruled on several claims and made a significant award of attorney's fees and expenses, the superior court confirmed the award and granted more fees and expenses. On appeal, the parties dispute whether their arbitration agreement and applicable law authorize the awards of fees and expenses. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Scott and Beverly Candrian founded Sun Mechanical Contracting, Inc., a Tucson plumbing and HVAC contractor. In 2003, the Candrians entered into a series of agreements with RS Industries, Inc., an Iowa company, by which the Candrians exchanged their stock in Sun for a 25 percent interest in RS. Mr. Candrian agreed to serve as president of Sun, now wholly owned by RS, for ten years and, at the end of that period, RS would buy back the Candrians' stock in RS. Mr. Candrian was guaranteed a position on RS's board of directors so long as he owned RS stock; meanwhile, the Candrians continued to serve on the Sun board.

¶3        In late 2012, before time for the stock buy-back, RS accused Mr. Candrian of breaching his employment agreement and alleged that, as a result of his breach, the Candrians' stock in RS had no value. In response, the Candrians filed suit in federal district court, asking it to declare the value of the stock; several months later, Sun sued the Candrians in superior court, alleging $10.7 million in damages for breach of the employment agreement and seeking enforcement of newly passed corporate resolutions purporting to oust the Candrians from the Sun board. A month later, the district court dismissed the complaint in favor of arbitration. The parties eventually negotiated an arbitration agreement covering all their disputes, and the superior court stayed the state action pending arbitration.

¶4        The parties selected a Phoenix lawyer as their arbitrator. In the two court cases, they had made numerous filings and litigated an application for a temporary injunction. They continued to battle during the

run-up to the four-day arbitration. With several million dollars at stake, they retained expert witnesses, took depositions, propounded and responded to discovery requests, litigated discovery disputes, and briefed a motion by the Candrians for summary judgment. The arbitrator ultimately decided nearly all issues in favor of the Candrians, concluding they were owed $5,006,245 for their RS stock and that Mr. Candrian was due $77,000 in unpaid wages.

¶5         Having prevailed on the merits, the Candrians filed an application seeking $1,032,411.50 in attorney's fees and $211,240.41 in "costs." Over RS's objection, the arbitrator granted the Candrians nearly every dollar they had sought, citing as authority the arbitration agreement, RS bylaws, Iowa indemnity laws (one of the contracts referenced Iowa law) and Arizona Revised Statutes ("A.R.S.") section 12-341.01(A) (2016).[1] RS then filed a motion in superior court to vacate the arbitrator's award of attorney's fees and costs; the Candrians moved to confirm the award. After briefing and oral argument, the superior court denied the motion to vacate and confirmed the arbitration award in its entirety. The court then granted the Candrians attorney's fees and expenses of $54,781.33, along with taxable costs of $243, incurred in the confirmation proceeding.

¶6         RS timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-2101(A)(1) (2016) and -2101.01(A)(6) (2016).

## DISCUSSION

### A.    Arbitrator's Award of Attorney's Fees and Costs.

#### 1.    Attorney's fees.

¶7         Arizona public policy favors arbitration as a speedy and affordable means of resolving disputes, and judicial review of an arbitrator's award is substantially limited by statute. *City of Cottonwood v. James L. Fann Contracting, Inc.*, 179 Ariz. 185, 189 (App. 1994). An arbitrator's decisions regarding questions of law and fact are final, and will not be disturbed unless the arbitrator has purported to decide a matter that is beyond the scope of the issues submitted for arbitration. *Smitty's Super-Valu, Inc. v. Pasqualetti*, 22 Ariz. App. 178, 180-81 (1974); *see also Hirt v. Hervey*, 118 Ariz. 543, 545 (App. 1978) ("[A]n arbitration award is not subject to attack merely because one party believes that the arbitrators erred with

---

[1]      Absent material revision after the relevant date, we cite a statute's current version.

respect to factual determinations or legal interpretations."). Indeed, under Arizona's version of the Revised Uniform Arbitration Act, A.R.S. §§ 12-3001 *et seq.*, as relevant to this appeal, an aggrieved party may petition the superior court to vacate an arbitration award only if the "arbitrator exceeded the arbitrator's powers." A.R.S. § 12-3023(A)(4) (2016). We review the superior court's decision to confirm an arbitration award in the light most favorable to upholding the decision and will affirm unless the superior court abused its discretion. *See Atreus Communities Group of Ariz. v. Stardust Dev., Inc.*, 229 Ariz. 503, 506, ¶ 13 (App. 2012).

¶8        RS does not contest the arbitrator's findings on liability and damages, but argues the arbitrator exceeded his authority when he awarded attorney's fees and expenses. By statute, "[a]n arbitrator may award reasonable attorney fees and other reasonable expenses of arbitration only if that award is authorized by law in a civil action involving the same claim or by the agreement of the parties to the arbitration proceeding." A.R.S. § 12-3021(B) (2016). In that regard, § 12-3021(B) grants an arbitrator the same power the superior court has to award fees in a civil action. *See Sanders v. Boyer*, 126 Ariz. 235, 241 (App. 1980) (general rule is that attorney's fees are not allowed "except where expressly provided for by either statute or contract").

¶9        The arbitration agreement the parties negotiated stated:

> All Parties have the right to apply to the Arbitrator for recovery of reasonable attorney's fees incurred in connection with the arbitration, and also the authority to apply for reasonable attorneys' fees previously incurred in the lawsuits referenced in Recitals C [the prior district-court proceeding] and E [the prior state-court proceeding], under any applicable statute, rule, or contract.

After prevailing in the arbitration, the Candrians sought $611,693 in fees incurred in the two lawsuits before the arbitration began and $420,718.50 incurred in the arbitration. The arbitrator awarded them fees of $1,032,299.50.

¶10        Although RS broadly contends the arbitrator exceeded his powers, each argument RS raises to the fees award is a contention that the arbitrator ruled incorrectly, not that he lacked the power to rule. For example, RS argues the dismissals of the two lawsuits constituted res judicata against the Candrians, barring any fee award to them. It argues A.R.S. § 12-341.01, the Arizona statute that allows a court to grant fees to

the prevailing party in a "contested action arising out of a contract," did not apply because the buy-sell agreement specified that Iowa law would govern and the other claims were not sufficiently intertwined with claims under the employment agreement, to which Arizona law applied. And it argues the Iowa laws and the corporate bylaws the arbitrator cited do not permit a fees award under the circumstances presented here. All of these are arguments why the arbitrator assertedly erred in deciding to award fees, not arguments why he exceeded his authority in doing so.

**¶11** RS further contends that under the language in the arbitration agreement quoted above, no fees could be granted except as provided by "applicable statute, rule, or contract." The Candrians interpret the agreement differently; they argue the "applicable statute, rule, or contract" language was intended to apply to a request for fees incurred in the lawsuits but not to a request for fees incurred in the arbitration itself. Regardless, by their agreement, the parties granted to the arbitrator the power to resolve any dispute about the meaning of the fees provision. Pursuant to A.R.S. § 12-3023(A), on appeal, we will not review the merits of an arbitrator's factual findings or legal conclusions. *See Atreus Communities*, 229 Ariz. at 506, ¶ 13 ("[T]he arbitrator's decisions are final and binding as to both issues of fact and law, regardless of the correctness of the decision.").

**¶12** RS failed to show the arbitrator exceeded the powers granted to him by the law and the agreement to award reasonable attorney's fees incurred in the arbitration proceeding and in the two lawsuits that preceded the arbitration. *See* A.R.S. § 12-3023(A). The superior court accordingly did not err in confirming the fees award.

### 2. Costs/Expenses.

**¶13** The Candrians asked the arbitrator to award them roughly $98,600 in expenses incurred in the pre-arbitration lawsuits and $112,600 in expenses incurred during the arbitration. The arbitrator's award of $211,240.41 in expenses included filing fees, deposition transcripts and videographer charges, costs of travel to attend depositions, expert witness fees, food and lodging during the arbitration (both sides had Tucson lawyers; the arbitration was conducted in Phoenix), copying costs, delivery expenses, parking, and the costs of preparing hearing exhibits.[2]

---

[2] RS argues the arbitrator lacked the power to award computerized legal research costs as an expense. But costs of computerized legal research

**¶14**　　　　As noted, A.R.S. § 12-3021(B) empowers an arbitrator to grant a party its "reasonable expenses of arbitration only if that award is authorized by law in a civil action involving the same claim or by the agreement of the parties to the arbitration proceeding."　Because the arbitration agreement here said nothing about expenses, the arbitrator had the power to award expenses only if authorized by law.　This is the same rule that governs awards of litigation expenses during court proceedings. *See Schritter v. State Farm Mut. Auto. Ins. Co.*, 201 Ariz. 391, 392, ¶ 6 (2001) ("A party to a civil action cannot recover its litigation expenses as costs without statutory authorization.").

**¶15**　　　　By statute, a successful party to a civil action in Arizona is entitled to recover "from his adversary all costs expended or incurred therein unless otherwise provided by law." A.R.S. § 12-341 (2016).　But the statutes do not grant the prevailing party a right to recover every manner of litigation expense.　Under A.R.S. § 12-332 (2016), the prevailing party in a civil action in superior court is allowed only its taxable costs, which are defined to include:

1. Fees of officers and witnesses.

2. Cost of taking depositions.

3. Compensation of referees.

4. Cost of certified copies of papers or records.

5. Sums paid a surety company for executing any bond or other obligation therein, not exceeding, however, one per cent on the amount of the liability on the bond or other obligation during each year it was in force.

6. Other disbursements that are made or incurred pursuant to an order or agreement of the parties.

A.R.S. § 12-332(A)(1)-(6); *see Reyes v. Frank's Serv. & Trucking, LLC*, 235 Ariz. 605, 608, ¶ 6 (App. 2014) (whether an expense is recoverable as a taxable cost is reviewed *de novo*).

---

are recoverable as attorney's fees. *Ahwatukee Custom Estates Mgmt. Ass'n v. Bach*, 193 Ariz. 401, 404 (1999).

**¶16** Some but not all of the expenses the arbitrator approved would be recoverable as taxable costs under § 12-332(A). For example, although a party may recover costs it incurs in deposing an opposing party's expert witness, the fees it pays its own expert witness are not recoverable. *See Reyes*, 235 Ariz. at 608-09, ¶ 8.[3] Other expenses, including those incurred for photocopying, facsimiles, shipping and travel expenses, are not recoverable as taxable costs. *See Bennett v. Baxter Group, Inc.*, 223 Ariz. 414, 423, ¶ 37 (App. 2010).

**¶17** In granting the Candrians' request for expenses, however, the arbitrator cited Iowa indemnity statutes and RS bylaws. Iowa law allows a corporation to indemnify a director against liability under certain circumstances. *See* Iowa Code § 490.851(1) (2016). And the RS corporate bylaws provided that RS "shall indemnify each director . . . to the fullest extent possible, against all obligations, including attorney's fees . . . and reasonable expenses actually incurred by such director . . . upon claim made by [RS], any stockholder thereof or by any third party relating to his or her conduct as a director."

**¶18** As with the attorney's fees award, RS argues the arbitrator exceeded his powers by granting the Candrians' request to be reimbursed for expenses that are not taxable costs. But as with the attorney's fees award, RS's argument in reality is that the arbitrator erred in interpreting the legal authorities he cited as allowing the expenses. By entering into the arbitration agreement, RS agreed the arbitrator's decisions in matters of law would be final. *See Atreus Communities*, 229 Ariz. at 506, ¶ 13. Under A.R.S. § 12-3023(A), we will not review whether the arbitrator correctly interpreted Iowa law and the RS bylaws to require RS to indemnify the Candrians for non-taxable expenses they incurred in the lawsuits and the arbitration. Accordingly, the superior court did not err in confirming the arbitrator's award of expenses.

---

[3] Recoverable costs associated with depositions may include fees paid for court reporters and transcripts, reasonable travel expenses for attorneys and court reporters, and photocopies of deposition records, so long as they are "reasonably and necessarily incurred." *Reyes*, 235 Ariz. at 608-09, ¶¶ 8-12. Expenses associated with recording depositions are eligible for recovery as a taxable cost, "[b]ut when a party has chosen to incur expenses for both stenographic and video recording of a deposition, the trial court must determine the reasonableness and necessity of those expenses on a case-by-case basis." *Id.* at 611, ¶ 21.

**B.      Superior Court's Confirmation of the Arbitration Award.**

    **1.      Section 12-3025.**

**¶19**      Under A.R.S. § 12-3025 (2016), a party may collect attorney's fees and expenses incurred in connection with an action to confirm an arbitration award.  Subsection C of the statute states:

> On application of a prevailing party to a contested judicial proceeding under § 12-3022, 12-3023 or 12-3024, the court may add reasonable attorney fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment vacating an award without directing a rehearing or confirming, modifying or correcting an award.

A.R.S. § 12-3025(C).

    **2.      Attorney's fees.**

**¶20**      The Candrians were successful in confirming the arbitration award over RS's vigorous attempt to vacate it under A.R.S. § 12-3023, and thus were entitled to their reasonable attorney's fees pursuant to A.R.S. § 12-3025(C).  RS acknowledges the power of the superior court to award fees in confirming the award, but argues the amount of fees the court awarded was unreasonable.  RS contends the Candrians' fee application revealed "block-billing" by their lawyers and argues the court should not have awarded the fees of all three lawyers who traveled from Tucson to Phoenix so that one of them could participate in oral argument on the motion to confirm the award.

**¶21**      We review an award of attorney's fees for an abuse of discretion.  *Motzer v. Escalante*, 228 Ariz. 295, 296, ¶ 4 (App. 2011).  We will affirm the court's award of attorney's fees if there is a reasonable basis for doing so.  *James L. Fann Contracting*, 179 Ariz. at 195.  Although the better practice may be to avoid block-billing when it can be done reasonably, as the Candrians contend, no Arizona authority holds that a court abuses its discretion by awarding fees that have been block-billed.  In its order granting the fees, the superior court noted it had reviewed the billing statements and found them sufficiently detailed.  As for the presence of three lawyers at oral argument, the court found the Candrians had offered a reasonable explanation:  "[T]here was a lot at stake . . . , and it took the collective expertise of three attorneys to ensure the best result for their clients.  Reason enough."  RS does not argue the Candrians' lawyers' hourly rates were excessive, that the total bill was too large, or that too many hours,

in total, were spent on the matter. Under these circumstances, we cannot conclude the court abused its discretion in awarding the Candrians their attorney's fees.

### 3. Expenses.

**¶22** The superior court awarded about $3,350 in non-taxable expenses incurred in connection with the confirmation proceeding, including copying costs, delivery charges, travel and meals. By contrast to A.R.S. §§ 12-341 and -332, which allow the court to award a narrow class of "taxable" costs, A.R.S. § 12-3025(C) confers on the court a broader power to award "reasonable expenses of litigation."

**¶23** Section 12-3025 is nearly identical to Section 25 of the Revised Uniform Arbitration Act. The comment to Section 25 explains it intended to "discourage" unfounded appeals of arbitration awards:

> Section 25(c) promotes the statutory policy of finality of arbitration awards by adding a provision for recovery of reasonable attorney's fees and reasonable expenses of litigation to prevailing parties in contested judicial actions to confirm, vacate, modify or correct an award. Potential liability for the opposing parties' post-award litigation expenditures will tend to discourage all but the most meritorious challenges of arbitration awards.

Unif. Arbitration Act § 25 cmt. 3 (Nat'l Conference of Comm'rs on Unif. State Laws 2000).

**¶24** Interpreting § 12-3025(C) consistent with this underlying policy, we conclude that "expenses" as used in the statute necessarily must be broader than "costs" as used in §§ 12-341 and -332. Allowing a prevailing party to collect reasonable expenses of litigation beyond taxable costs serves the policy of promoting the finality of arbitration awards and deterring re-litigation of arbitrable issues. Moreover, as the comment to Uniform Arbitration Act Section 25 explains, parties may, if they choose, agree to waive this provision. Unif. Arbitration Act § 25 cmt. 6 (Nat'l Conference of Comm'rs on Unif. State Laws 2000) ("Section 25(c) is a default rule only because it is waivable . . . . If the parties wish to contract for a different rule, they remain free to do so.").

**¶25** The parties here did not agree to preclude expense awards in connection with confirmation; as a result, the statutory default allowed the superior court to award reasonable expenses to the prevailing party.

## CONCLUSION

**¶26** For the foregoing reasons, we affirm the superior court's confirmation of the final arbitration award, including the arbitrator's awards of attorney's fees and expenses. We also affirm the court's separate grant of fees and expenses incurred in the confirmation proceeding. Pursuant to A.R.S. § 12-3025(C), we grant the Candrians their costs and reasonable attorney's fees on appeal, contingent on compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: AA