NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

NIEVES G. RIEDEL, *Plaintiff/Appellant-Cross Appellee,*

*v.*

GUILLERMINA FUENTES, *Defendant/Appellee-Cross Appellant.*

No. 1 CA-CV 18-0171
FILED 3-14-2019

---

Appeal from the Superior Court in Yuma County
No. S1400CV201700357
The Honorable Levi Gunderson, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Garcia & Villarreal, P.L.C., Yuma
By Arturo I. Villarreal, Araceli Rodriguez
*Counsel for Plaintiff/Appellant-Cross Appellee*

Richardson & Richardson, P.C., Mesa
By William R. Richardson
*Counsel for Defendant/Appellee-Cross Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Jon W. Thompson and Vice Chief Judge Peter B. Swann joined.

---

**M O R S E**, Judge:

¶1      Nieves Riedel appeals from the judgment of the superior court following the dismissal of her defamation action against Guillermina Fuentes. The superior court dismissed the action under Arizona Revised Statutes ("A.R.S.") section 12-752 after finding that Fuentes' allegedly defamatory statements were made in the exercise of the right of petition. Because we hold that Fuentes' statements were made in connection with an issue under consideration or review by a government body, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2      This case involves statements concerning Riedel that Fuentes made at two city council meetings. Riedel, through her entities, owns a development company that sought approval to develop a property in San Luis. The San Luis City Council held a meeting at which, among other things, it decided to approve the proposed development. Then, during the "call to the public" portion of the council meeting, Fuentes spoke, and said that she had "two things" that she wanted to address. One was her concern that a councilmember had a conflict of interest regarding Riedel's development company. She asked if the alleged conflict could be investigated by the city's attorney. The other was her request that the government take some action to protect her from Riedel. Fuentes explained that she felt that she could not seek a restraining order against Riedel because the local courts "have a big conflict" and accused Riedel of doing various things that made her feel unsafe. Fuentes concluded her remarks with a request for the City Council to "take care of this matter because the court will not take it; and on the other matter for the attorney, to please investigate the conflict of interest."

¶3      Immediately after Fuentes spoke, Riedel addressed the City Council, thanked various people for their participation in the development, and assured the City Council members that they will "be very proud of having approved this subdivision." Riedel also "promise[d]" the City

Council that she would return "within a month" and "present another property that is going to be 160 lots."

¶4         A month later, the City Council met again.  At this meeting, the formal agenda did not include any matters involving Riedel's development company, but had two agenda items involving the "evaluation of performance" and "possible action . . . on any and all matters relating to the position of Chief of Police."  Fuentes again appeared and, during the call to the public portion of the meeting, made a lengthy statement about her recent interactions with police officers, claimed that officers were not following departmental "protocol," and asserted that the police were essentially harassing her at the behest of Riedel.  Fuentes asked the City Council to stop the police from harassing her because she had enough of Riedel.  When discussing her issues with Riedel, Fuentes made comments on Riedel's mental and physical health.  Fuentes then discussed "the second matter," which was the same conflict-of-interest complaint she had voiced earlier, and concluded by pointing to the prior council votes that she alleged to have been tainted by a conflict of interest involving Riedel and a councilmember and described her comments as "a formal complaint of a conflict of interest."

¶5         Riedel then brought this action against Fuentes, alleging that the statements Fuentes made about her at the City Council meetings were false and defamatory.  Fuentes answered the complaint, and then moved to dismiss under A.R.S. § 12-752.  The superior court granted Fuentes' motion to dismiss, finding, among other things, that her speech constituted an "exercise of the right of petition."

¶6         The superior court entered final judgment and also awarded attorney fees to Fuentes.  Riedel timely appealed, and Fuentes cross-appealed on the issue of attorney fees.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I.     Motion to Dismiss

¶7         We review the grant of a motion to dismiss for abuse of discretion, but review issues of statutory interpretation de novo.  *Dressler v. Morrison*, 212 Ariz. 279, 281, ¶ 11 (2006).

¶8         Arizona's anti-SLAPP (Strategic Lawsuit Against Public Participation) statute creates a special procedure for a defendant to file a motion to dismiss an action that involves the "exercise of the right of

petition."  A.R.S. § 12-752.  The statute does not grant immunity for acts involved in the "exercise of the right of petition," but creates a procedural mechanism for the expedited review of motions to dismiss, and provides for dismissal unless the non-movant shows that the "exercise of the right of petition did not contain any reasonable factual support or any arguable basis in law and that the moving party's acts caused actual compensable injury . . . ."  A.R.S. § 12-752(A), (B), and (E)(3).

¶9            The superior court found that Fuentes' statements were made during the exercise of her right to petition.  Further, the court found that Riedel had not met her burden of showing that there was no reasonable factual support or basis in the law for the statements, nor had she shown that Fuentes' acts caused compensable injury.  On appeal, Riedel only challenges the finding that the statements involved the exercise of the right of petition.

¶10           "Exercise of the right of petition" is defined, in relevant part, as,

> any written or oral statement that falls within the constitutional protection of free speech and . . . that is all of the following:
>
> (a) Made before or submitted to a legislative or executive body or any other governmental proceeding.
>
> (b) Made in connection with an issue that is under consideration or review by a legislative or executive body or any other governmental proceeding.
>
> (c) Made for the purpose of influencing a governmental action, decision or result.

A.R.S. § 12-751.  When interpreting a statute, we first look to its plain text, and only engage in secondary methods of statutory interpretation if the text is ambiguous or unclear.  *State v. Burbey*, 243 Ariz. 145, 147, ¶ 7 (2017).

¶11           Riedel's sole argument in her opening brief is that Fuentes' statements did not fall within the subsection (b) of the definition because

4

they were not "made in connection with an issue under consideration or review by the San Luis City Council."[1]  We disagree.

¶12         Fuentes twice stood and made statements about Riedel.  The superior court found that "[w]hen [Fuentes] spoke about . . . Riedel personally, she was speaking about the person who was listed in the Resolution as the owner of the land being developed."  At the first meeting, the City Council debated and approved a project involving Riedel's development company.  Riedel argues that because Fuentes' comments were about her personally, and she was not on the agenda as an individual, the comments were not directed toward a subject under consideration by the City Council.  This splits too fine a hair.  An issue is "under consideration or review" if it is subject to reflection, inspection, or examination by the governmental body. *See Maranatha Corrections, LLC v. Dep't of Corr. & Rehab.*, 158 Cal. App. 4th 1075, 1085 (2008).  And the ownership of the company involved in a proposed development is a matter for reflection, inspection, and examination by a city council in evaluating the development proposal.  Thus, in the first meeting, Riedel, via her involvement with the development, was under consideration by the City Council.  Riedel was the proponent of the development, she spoke during the same meeting to thank the City Council, and her company stood to benefit from the approval.  Fuentes stated she had two matters to discuss, began her statements by complaining of an alleged conflict of interest between the development company (owned by Riedel) and a council member, and then voiced her concerns with Riedel's alleged behavior toward her.  In this context, the superior court did not abuse its discretion in determining that Fuentes' statements about Riedel were made in connection with the City Council's consideration of the development project sought by Riedel's company.

¶13         The superior court did not clearly analyze or distinguish between Fuentes' statements at the first and second meeting.  The second City Council meeting presents a different situation because neither Riedel nor a development involving Riedel's company were on the agenda.[2]

---

[1]       While Riedel argues in her reply brief that Fuentes does not meet the requirements of subsection (c), she failed to raise this argument in her opening brief, and for that reason we will not consider it.  *See Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91 (App. 2007).

[2]       Fuentes argues that "an invitation to the public to appear and express their concerns and frustrations, by definition, makes the citizen complaint[] an issue under consideration."  The statutory language does not support

However, we must "affirm the trial court's decision if it is correct for any reason, even if that reason was not considered by the trial court." *Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986) (citing *Cross v. Cross*, 94 Ariz. 28, 31 (1963)). As noted above, *supra* ¶ 4, the City Council's agenda included "any and all matters relating to the position of Chief of Police including evaluation of performance." Although Fuentes made allegedly defamatory statements regarding Riedel, the statements were made in connection with her complaints about alleged police harassment, and police violations of protocol. In this light, the record amply supports the conclusion that Fuentes was commenting on a matter under consideration by the City Council. Accordingly, we cannot find that the superior court abused its discretion when it found that Fuentes' statements were made in an "exercise of her right to petition" and granted the motion to dismiss.

## II.    Attorney Fees

**¶14**      We review the amount of an award of attorney fees for an abuse of discretion. *Lee v. ING Inv. Mgmt., LLC*, 240 Ariz. 158, 161, ¶ 11 (App. 2016). Thus, we will not disturb an award unless the party contesting the award can show that there was "no reasonable basis" for the award. *Id.* at 161, ¶¶ 8, 12.

**¶15**      Riedel argues that a few specific time entries were excessive. First, she argues that ten hours of research on defamation law, done before the motion to dismiss was drafted, was excessive because it was neither necessary for the answer nor relevant to the motion to dismiss. She contends that much of the research was unnecessary because it dealt with defamation law, while the merits are irrelevant to the motion to dismiss. However, to prevail on a motion to dismiss, a defendant must do more than simply prove that the statements were made in the exercise of the right to petition. The court cannot grant the motion if the plaintiff can show that the statements "did not contain any reasonable factual support or any arguable basis in law." A.R.S. § 12-752(B).

**¶16**      She then argues that the nine hours spent on drafting the motion to dismiss was excessive because the motion was only five pages long, and the motion mostly focused on defamation law analysis rather

---

such a broad reading as it would essentially eliminate the requirement of subsection (b). *Cf. Paul v. Friedman*, 95 Cal. App. 4th 853, 867-68 (2002) ("[A] lawyer's attempt to inject an issue into a proceeding does not . . . transform it into an issue 'under consideration or review' in the proceeding.").

than analysis of the anti-SLAPP statute. We disagree that spending nine hours on the motion to dismiss was "clearly excessive."

**¶17** She also takes issue with an eight-hour entry wherein Riedel's attorneys billed for: researching; preparing the answer, verification, proof of service, and notice of appearance; meeting with client; calendaring; and filing and serving. A case of this nature is unlikely to involve the use of standard form pleadings, and we cannot say that eight hours for those tasks was clearly excessive. We also cannot find that the court abused its discretion by awarding fees simply because the attorney employed block-billing. *See RS Indus., Inc. v. Candrian*, 240 Ariz. 132, 138, ¶ 21 (App. 2016) ("Although the better practice may be to avoid block-billing when it can be done reasonably . . . no Arizona authority holds that a court abuses its discretion by awarding fees that have been block-billed.").

**¶18** Fuentes argues that the court abused its discretion because it did not grant her supplemental request for fees that were incurred after the filing of her fee application. As discussed above, the superior court has broad discretion in determining the "reasonable" amount of attorney fees. *See also McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 271, ¶ 21 (App. 2007) (listing cases discussing the discretion a trial court has in determining reasonable attorney fees in different contexts). The superior court properly awarded attorney fees as mandated by A.R.S. § 12-752(D), and because Fuentes does not show that there was no reasonable basis for the award, we will not disturb the amount of fees awarded. Citing *Grand Real Estate, Inc. v. Sirignano*, 139 Ariz. 8, 15 (App. 1983), Fuentes argues that the court abused its discretion by failing to give a reason for not granting the subsequent attorney fee request. However, *Grand Real Estate* dealt with a decision on whether to grant or deny fees, not, as in this case, the amount of fees ultimately awarded. It is also disputed by later case law. *See Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 569, ¶ 9 (App. 2007) ("We will affirm an award with a reasonable basis even if the trial court gives no reasons for its decision regarding whether to award fees.").

**¶19** For the foregoing reasons, we cannot say that the superior court abused its discretion in awarding the attorney fees to Fuentes.

## CONCLUSION

**¶20** Because Fuentes' statements involved Fuentes' right of petition, we affirm the judgment of the superior court. Fuentes asks for costs and attorney fees on appeal, but does not cite any authority for attorney fees outside ARCAP 21(a). *See* ARCAP 21(a)(2) (stating this Court

may decline to award fees if a party fails to "specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees"). We decline to award Fuentes attorney fees on appeal, but award her costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA