IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MICHELE GRAY, *Plaintiff/Appellant*,

*v.*

GC SERVICES, APPLE, *Defendant/Appellee*.

No. 1 CA-CV 21-0533
FILED 9-1-2022

Appeal from the Superior Court in Maricopa County
No. CV 2021-002228
The Honorable Bradley H. Astrowsky, Judge

**VACATED AND REMANDED**

APPEARANCES

Michele Gray, Rensselaer, NY
*Plaintiff/Appellant*

Hassett Glasser PC, Phoenix
By Myles P. Hassett, Jamie A. Glasser, David R. Seidman
*Counsel for Defendant/Appellee*

---

**OPINION**

Judge Michael J. Brown delivered the opinion of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

---

**B R O W N**, Judge:

¶1        Michele Gray appeals from the superior court's order dismissing her employment-related claims with prejudice, asserting in broad terms that the court erred by failing to order arbitration as contemplated by the parties' employment agreement.  For the reasons discussed below, the court was required to first decide whether Gray's claims were subject to binding arbitration.  *See* A.R.S. § 12-3007(A)(2).  Only if the court decided the claims were not subject to binding arbitration could it address the merits of the claims; alternatively, if the court decided the claims were subject to binding arbitration, it lacked authority to address the merits of the claims.  Because the court did not first resolve whether Gray's claims were subject to binding arbitration, we vacate the dismissal order and remand for further proceedings.

**BACKGROUND**

¶2        In June 2019, GC Services, LP ("GCS") hired Gray as a home-based customer service representative.  As a condition of employment, Gray signed an arbitration agreement.  The employment relationship soured, and in January 2020, Gray sent GCS a resignation letter, which GCS immediately accepted.

¶3        In June 2020, Gray sued GCS in the United States District Court for the Northern District of New York, alleging GCS wrongfully terminated her employment and violated several federal statutes.  That court later dismissed her claims, but the status of that case is not clear from the record.  In February 2021, Gray filed suit in Maricopa County Superior Court, raising substantially the same claims she had alleged in the federal lawsuit, along with claims based on state law.  Meanwhile, Gray filed a nearly identical lawsuit in New York state court.

¶4        In the case before us, GCS filed a combined motion to compel arbitration and motion to dismiss.  GCS stated it was "seeking to compel any cognizable claims to arbitration pursuant to a valid and binding

arbitration agreement between the parties[.]" GCS then noted that Gray had earlier "disregarded" the arbitration agreement when she filed her federal lawsuit in New York. GCS qualified its motion to compel, however, asserting that if none of Gray's claims were cognizable, there is nothing to compel arbitration and dismissal of the complaint would be appropriate under Arizona Rule of Civil Procedure ("Rule") 12(b)(6). GCS added that even if a cognizable claim existed, it would be precluded by res judicata "because the claims have already been considered and dismissed with prejudice" in the federal case.

¶5 Following oral argument on the motion (Gray did not attend), the superior court dismissed Gray's complaint with prejudice, explaining that she failed to state a claim upon which relief can be granted and that her claims were barred by res judicata. The court therefore determined it was unnecessary to address GCS's motion to compel arbitration and entered a final judgment under Rule 54(c). Gray filed a notice of appeal, stating she was appealing from the dismissal order.

## DISCUSSION

### A.  Appellate Jurisdiction

¶6 GCS requests that we dismiss Gray's appeal, asserting the substantive issues raised in her opening brief go beyond her notice of appeal. "As a general rule, our review is limited to matters designated in the notice of appeal or cross-appeal." *Desert Palm Surgical Group, P.L.C. v. Petta*, 236 Ariz. 568, 576, ¶ 15 (App. 2015). Whether the notice of appeal is sufficient is a question of jurisdiction, and "[w]e have an independent duty to determine whether we have jurisdiction over an appeal." *Id.*

¶7 Although Gray's notice of appeal included an extraneous comment referencing her amended complaint, the notice plainly stated that she was appealing the superior court's dismissal order. Thus, she substantially complied with our appellate rules by identifying the correct order from which she wished to appeal. *See* ARCAP 8(c)(3) (stating that a notice of appeal must "[d]esignate the judgment or portion of the judgment from which the party is appealing"). Moreover, GCS has made no argument that it was misled as to which order Gray intended to appeal, or that it was otherwise meaningfully prejudiced. *Hill v. City of Phoenix*, 193 Ariz. 570, 572–73, ¶ 10 (1999) (explaining that when "the record discloses an appellant's intent to appeal from a judgment, . . . the notice of appeal should be construed as sufficient so long as the defect has neither misled

nor prejudiced an opposing party"). We have appellate jurisdiction under A.R.S. § 12-2101(A)(2) to decide issues relating to the dismissal order.

### B.    Waiver

**¶8**        GCS also argues that Gray waived all arguments on appeal because her opening brief does not comply with ARCAP 13. Among other things, GCS asserts that Gray failed to include a statement of the case, her statement of the facts is incoherent, she did not provide any citations to the law or record, and her arguments are simply a "mishmash of perceived grievances." *See Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) ("An appellant who fails to make a 'bona fide and reasonably intelligent effort to comply with the rules' will waive issues and arguments 'not supported by adequate explanation, citations to the record, or authority.'" (citation omitted)). Although the opening brief is deficient in many ways, we decline to apply waiver because Gray has sufficiently challenged the court's decision to dismiss the case on the merits without first considering whether the case should be referred to arbitration. *See id.*

### C.    Motion to Compel Arbitration

**¶9**        Turning to the substance of her appeal, Gray broadly argues the superior court erred when it failed to compel arbitration pursuant to the parties' arbitration agreement. Although not cited by either party, disputes over whether an enforceable arbitration agreement exists are governed by Arizona's version of the Revised Uniform Arbitration Act, and specifically here, § 12-3007(A)(2), which states in part:

> On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement[,] . . . [i]f the refusing party opposes the motion, *the court shall proceed summarily to decide the issue* and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate.

(Emphasis added.) We review de novo the interpretation of statutes. *In re $11,660.00 U.S. Currency*, 251 Ariz. 106, 108, ¶ 8 (App. 2021). If the statute is unambiguous, we apply it as written without using other methods of statutory interpretation. *State v. Jurden*, 239 Ariz. 526, 530, ¶ 15 (2016).

**¶10**        Under the plain language of § 12-3007(A)(2), when parties disagree as to whether an arbitration agreement applies to the claims being made, the court is required to determine whether there is an enforceable arbitration agreement. If the court finds no enforceable agreement, it must

deny the motion to arbitrate, and may move on to address other issues. *See* A.R.S. § 12-3007(C) ("If the court finds that there is no enforceable agreement, it may not order the parties to arbitrate . . . ."). But if there is an enforceable agreement, the court must order the parties to arbitrate. A.R.S. § 12-3007(A)(2).

**¶11** Here, GCS moved to compel arbitration, to which Gray objected, arguing her claims were exempt from the arbitration agreement. Then in its reply, GCS made clear that it disputed Gray's assertion that she was exempt. Thus, because GCS moved to compel arbitration and Gray objected, the court had to determine whether an enforceable arbitration agreement existed. *Id.* If there was, then the court was obligated to grant the motion to compel and stay, or dismiss without prejudice, the lawsuit to permit arbitration of Gray's claims. *See* A.R.S. § 12-3007(G); *see also Duenas v. Life Care Ctrs. of Am., Inc.*, 236 Ariz. 130, 142, ¶ 40 (App. 2014) ("A dismissal of claims subject to arbitration should be entered without prejudice, to allow for further judicial determinations that may prove necessary.").

**¶12** GCS argues Gray waived any enforcement of the arbitration agreement, given that she never asked for such relief in the superior court. In fact, Gray claimed that the arbitration agreement was unenforceable. But the legislature has made it clear that § 12-3007 cannot be waived. A.R.S. § 12-3004(C) ("A party to an agreement to arbitrate or to an arbitration proceeding may not waive, or the parties may not vary the effect of, the requirements of . . . § 12-3007 . . . ."). Moreover, applying waiver under these facts would directly conflict with § 12-3007(A)(2) and run contrary to public policy. *RS Indus., Inc. v. Candrian*, 240 Ariz. 132, 135, ¶ 7 (App. 2016) ("Arizona public policy favors arbitration as a speedy and affordable means of resolving disputes . . . ."). *But cf. Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022) (explaining that the *federal* policy favoring arbitration is only intended to make arbitration agreements as enforceable as any other contract, and not to "favor arbitration over litigation").

**¶13** GCS also argues the arbitration issue became moot when the superior court determined Gray failed to state a claim for relief and that her claims were precluded by res judicata. That argument fails because as provided under A.R.S. § 12-3007(D), courts "may not refuse to order arbitration because the claim subject to arbitration lacks merit or grounds for the claim have not been established." Although GCS only asked to compel arbitration as an alternative to an outright dismissal, under these circumstances the superior court lacked the authority to bypass the arbitration issue. On remand, if the court determines the arbitration

agreement is not enforceable as to these claims, then the court could properly consider GCS's motion to dismiss. A.R.S. § 12-3007(C). But if the court finds that the arbitration agreement is enforceable, the merits of Gray's claims must be decided in arbitration. A.R.S. § 12-3007(A)(2).

## CONCLUSION

¶14 We vacate the court's order dismissing Gray's claims and remand for further proceedings consistent with this opinion. GCS requests attorneys' fees and costs under A.R.S. §§ 12-341.01 and -349, and as sanctions under ARCAP 25. Because GCS is not the prevailing party, and nothing in Gray's briefing merits imposing sanctions, we deny the request. As the successful party on appeal, Gray is awarded taxable costs subject to compliance with ARCAP 21.

