NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MARK ZAHLER, *Plaintiff/Appellant*,

*v.*

SWIFT TRANSPORTATION COMPANY, LLC, *Defendant/Appellee*.

No. 1 CA-CV 22-0191
FILED 12-29-2022

Appeal from the Superior Court in Maricopa County
No. CV2021-013751
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

Ahwatukee Legal Office, PC, Phoenix
By David L. Abney
*Co-Counsel for Plaintiff/Appellant*

Negretti & Associates, PLC, Phoenix
By Jonathan Negretti, Dylan McGurk
*Co-Counsel for Plaintiff/Appellant*

Jones Skelton & Hochuli, PLC, Phoenix
By Phillip H. Stanfield, Clarice A. Spicker, Justin M. Ackerman
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Peter B. Swann[1] joined.

---

**P A T O N**, Judge:

**¶1**          Mark Zahler appeals from the confirmation of an arbitration award in his favor against Swift Transportation Company, LLC ("Swift"). Zahler argues the arbitrator exceeded his powers under the arbitration agreement by declining to award him attorneys' fees and some of his costs, despite finding him to be the prevailing party. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**          Zahler entered a contract with Swift as an independent contractor. This agreement required the parties to arbitrate any disputes arising out of the relationship created by the agreement. The contract also included an attorneys' fees provision, providing in relevant part:

> In the event either party hereto brings an action . . . to collect damages of any kind for any claim that arises out of or relates to the relationship created by this Agreement, the prevailing party shall be entitled to recover its costs and reasonable attorney's fees.

**¶3**          Zahler later sued Swift for his injuries sustained on the job resulting from a Swift employee's negligence. The case was arbitrated pursuant to the agreement, and the arbitrator found that Swift was negligent and awarded damages to Zahler. The arbitrator found Zahler to

---

[1] Judge Peter B. Swann was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective November 28, 2022. In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Swann as a judge *pro tempore* in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2022-162.

be the prevailing party but declined to award attorneys' fees and some of his costs.

¶4        Zahler filed a petition to vacate the arbitration award in superior court, alleging that the arbitrator had exceeded his powers within the meaning of Arizona Revised Statutes ("A.R.S.") section 12-3023(A)(4) by failing to award attorneys' fees and all costs.  The superior court denied Zahler's petition.

¶5        We have jurisdiction over Zahler's timely appeal pursuant to Article 6, Section 9 of the Arizona Constitution, and A.R.S. §§ 12-2101(A)(1) and -2101.01(A)(6).

**DISCUSSION**

¶6        Zahler argues the award must be vacated because the arbitrator failed to award him his total costs and reasonable attorneys' fees, thereby exceeding the arbitrator's powers.  "The superior court may reject an arbitration award only on narrow statutorily enumerated grounds . . . ." *Nolan v. Kenner*, 226 Ariz. 459, 461, ¶ 5 (App. 2011).  We view the record in the light most favorable to affirming the confirmation of the arbitration award and will affirm the superior court's ruling absent an abuse of discretion.  *RS Indus., Inc. v. Candrian*, 240 Ariz. 132, 135, ¶ 7 (App. 2016).

¶7        "An arbitrator's decisions regarding questions of law and fact are final, and will not be disturbed unless the arbitrator has purported to decide a matter that is beyond the scope of the issues submitted for arbitration."  *RS Indus., Inc.*, 240 Ariz. at 135, ¶ 7.  In Arizona, "an arbitration award is not subject to attack merely because one party believes that the arbitrators erred with respect to factual determinations or legal interpretations."  *Hirt v. Hervey*, 118 Ariz. 543, 545 (App. 1978).

¶8        Here, the arbitrator did not decide an issue beyond those submitted for arbitration.  Zahler submitted his claim for fees and costs during arbitration, and his claim arose out of the relationship created by the contract.  This question was necessarily submitted to the arbitrator.  The interpretation of the contract is a matter of law, *see Roe v. Austin*, 246 Ariz. 21, 26, ¶ 16 (App. 2018), and regardless of the correctness of the arbitrator's award, our review of his award under Section 12-3023(A)(4) is limited to whether the arbitrator resolved any issue not submitted to him.  *See RS Indus., Inc.*, 240 Ariz. at 135, ¶ 7.  We cannot review the substance of the arbitrator's findings, which Zahler asks us to do.  We find no error in the superior court's confirmation of the award.

**¶9**            Zahler cites to several authorities from outside Arizona for the proposition that an arbitration award may be vacated under statutes analogous to Section 12-3023 if the arbitrator improperly failed to award attorneys' fees under a mandatory fee award provision in a contract governing the arbitration.  *See e.g.*, *Am. Int'l Specialty Lines Ins. Co. v. Allied Cap. Corp.*, 149 N.E.3d 33, 37 (N.Y. 2020); *Magenis v. Bruner*, 187 P.3d 1222, 1224 (Colo. App. 2008); *DiMarco v. Chaney*, 37 Cal. Rptr. 2d 558, 559 n.1 (Cal. Ct. App. 1995).  Adopting this test would require us to second guess the arbitrator's interpretation of the contract.  But, even if we assume, without deciding, that we ought to follow the reasoning of this line of cases, we still may not vacate the award.

**¶10**            Here, as the superior court noted, the terms of the contract provided several grounds on which the arbitrator could decline to award attorneys' fees and costs.  Swift argued, and the arbitrator could have found, "that attorneys' fees for a personal injury case were not awardable" pursuant to the fee provision, or "he could have determined that the reasonableness of the attorneys' fees requested was not adequately documented."  The former point is more than colorable.  *Cf. Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc.*, 198 Ariz. 10, 15–16, ¶¶ 27–29 (App. 2000) (Negligent tortfeasor owes duty of care even in the absence of a contract so an award of fees under A.R.S. § 12-341.01 is not appropriate even if a contract relationship is implicated in the negligence action.).  And the latter point is supported by the lack of evidence in the record substantiating the reasonableness of the fees requested by Zahler—the award under the contract is limited to a reasonable fee.  In either case, we view the record in the light most favorable to confirming the fee award, and either rationale provides a basis for declining to award attorneys' fees.

## ATTORNEYS' FEES AND COSTS

**¶11**            Zahler requests his reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and -341.01.  Because Zahler is not the prevailing party on appeal, we decline his request.

**¶12**            Swift requests its reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-349 and -3025.  In our discretion, we decline to award fees.  As the prevailing party, Swift may recover its taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶13         We affirm.



AMY M. WOOD • Clerk of the Court
FILED:        JT